THE KANSAS MORTGAGE COMPANY v. J. P. WEYER-HAEUSER *et al.*

48  335
54  459

MECHANICS' LIENS — *Limitations — Beginning of Building.*  All mechanics' liens for labor performed and material furnished in the construction of a building date from the commencement of the building, and not from the date of the first item in the account.  The act of furnishing or placing on the ground some material, that is afterward used in the construction of the building, is not the "commencement of the building."  The digging for the cellar or the excavation for the foundation is the commencement of the building, within the intention and meaning of the statute.

*Error from Reno District Court.*

ACTION by the *Hardware Company* against *Rauenzahn* and others, to foreclose a mechanic's lien.  Action by *McCullam & Co.* against the above-named plaintiff and the defendants, and Mary E. Abbey, W. H. Smith, and Lewis Padrick, to

enforce another mechanic's lien against the same property. Actions consolidated and tried as one at the March term, 1889. From the judgment *The Kansas Mortgage Company* brings error.

*Morton & Clark*, for plaintiff in error.

*William Carey*, for defendants in error.

Opinion by SIMPSON, C.: The Russell & Wilcox Hardware Company commenced an action in the district court of Reno county to foreclose a mechanic's lien on lots 22 and 23, in block 1, in Ott & Tewksbury's addition to the city of Hutchinson. Rauenzahn, the owner, the Kansas Mortgage Company, a mortgagee, and Abbott & Fisher, were made parties defendant. This suit was commenced on the 1st day of September, 1888.

On the 24th day of September, McCullam & Co. commenced an action in the same court against all the above-named defendants, and Mary E. Abbey, W. H. Smith, Lewis Padrick, and Russell & Wilcox, to enforce another mechanic's lien on the same property. These actions were consolidated and tried by the court. Special findings of fact and conclusions of law were made, and judgments rendered, as follows:

"1. The defendant the Kansas Mortgage Company holds a mortgage on the real estate in the petitions of the said plaintiffs described, to wit, lots numbered 22 and 23, in block No. 1, in Ott & Tewksbury's addition to the city of Hutchinson, in the county of Reno and state of Kansas, executed by the said I. W. Rauenzahn and his wife on the 2d of April, 1888, and duly recorded in the office of the register of deeds of said county on the 14th day of April, 1888, which mortgage was given to secure the payment of the debt of $1,000 owing by said Rauenzahn and wife to said the Kansas Mortgage Company, with interest, which said debt is not yet due, and that no payment, except of interest, has been paid thereon.

"2. The said defendant, I. W. Rauenzahn, is indebted to the said plaintiff, the Russell & Wilcox Hardware Company, as alleged in said plaintiff's petition, in the sum of $59.43, on

an account for materials furnished for the erection of a building upon said real estate, to wit, lots 22 and 23, in said block 1, which said materials were neither fixtures nor machinery; with interest thereon from the 10th day of July, 1888, which material was furnished prior to the execution of the mortgage above mentioned.

"3. The said defendant, I. W. Rauenzhan, is indebted to the said plaintiffs, F. McCullam & Co., as alleged in said plaintiffs' petition, the sum of $544, with interest thereon from the 14th day of July, 1888, on an account for materials and lumber furnished for the erection of said building on said lots 22 and 23, in said block 1, which said lumber and materials were neither fixtures nor machinery, which said lumber and materials were not furnished until after the 15th day of April, 1888, the contract between said F. McCullam & Co. and said Rauenzahn for furnishing the same having been made, as alleged in the petition of said F. McCullam & Co., on said 15th day of April, 1888.

"4. Said I. W. Rauenzahn is indebted to said defendant Louis Padrick in the sum of $33, with interest from the 10th day of July, 1888, at the rate of 7 per cent. per annum, for work and labor, to wit, carpenter work, and said work and labor was not done prior to April 14, 1888.

"5. The said I. W. Rauenzahn is indebted to the said defendant W. H. Smith in the sum of $44.70, with interest from ——, 1888, for material, the same being neither fixtures nor machinery, furnished for the erection of said building, as alleged in the answer of said Smith, which said material was not furnished by said Smith until the 18th day of April, 1888.

"6. The actual labor of constructing said building was not commenced at the date of the execution of said mortgage to the said the Kansas Mortgage Company, nor at the date of the filing of same for record, and at said dates and each of them no work or labor had been done upon said lots towards the construction of said building, except that material for the same had been delivered upon the ground, which material was afterwards used in the erection of said building."

The court found as conclusions of law:

"1. The said liens of the plaintiffs, F. McCullam & Co., the Russell & Wilcox Hardware Co., and of the defendants W. H. Smith and Lewis Padrick, date from the time the first materials were furnished for said building, and not from the time the erection of the building was actually commenced, to

wit, from the 20th day of March, 1888, and are superior and prior to the lien of the said mortgage held by the said defendant the Kansas Mortgage Company, to which conclusion of law the said defendant the Kansas Mortgage Company then and there excepted.

"2. The said lien of the defendant the Kansas Mortgage Company is prior and superior to the liens of the said defendants Mary E. Abbey and J. F. Abbey and C. Bisher.

"3. The plaintiffs, F. McCullam & Co., and the plaintiff the Russell & Wilcox Hardware Company, and the defendants L. Padrick and W. H. Smith, have valid and subsisting mechanics' liens against the following-described real estate, to wit, lots numbered 22 and 23, in block No. 1, in Ott & Tewksbury's addition to the city of Huchinson, Reno county, Kansas.

"4. The defendants the Kansas Mortgage Company and Mary E. Abbey, J. F. Abbey and C. Bisher have mortgage liens against said described property. And the court further finds, that the mechanics' liens of the plaintiffs F. McCullam & Co., and the plaintiff the Russell & Wilcox Hardware Company, and the defendants L. Padrick and W. H. Smith, are, and each of them are, prior and superior to the mortgage lien of Mary E. Abbey and C. Bisher.

"5. The mortgage lien of the Kansas Mortgage Company is prior and superior to the mortgage lien of Mary E. and J. F. Abbey and C. Bisher, and the defendant I. W. Rauenzahn is indebted to the above-named plaintiffs and defendants in the several amounts hereinafter named."

The court ordered, adjudged and decreed that—

"The plaintiffs F. McCullam & Co. have and recover of and from the defendant I. W. Rauenzahn the sum of $582.09, with interest thereon at 7 per cent. per annum from date, and costs of suit; that the plaintiff the Russell & Wilcox Hardware Company have and recover judgment against the said I. W. Rauenzahn in the sum of $63.07, with interest at 7 per cent. per annum from date, and costs of suit; that the defendant L. Padrick have and recover judgment against the defendant I. W. Rauenzahn in the sum of $35.20, with interest at 7 per cent. per annum from date, and for costs of suit; that the defendant William H. Smith have and recover judgment against the defendant I. W. Rauenzahn in the sum of $46.15, with interest at the rate of 7 per cent. per annum from date, and for his costs; that the mechanics' liens of F. McCullam &

Co. and Russell & Wilcox Hardware Company and L. Padrick and W. H. Smith are valid, prior and superior liens against the following-described real estate, to wit, lots No. 22 and 23, in block No. 1, in Ott & Tewksbury's addition to the city of Hutchinson, in Reno county, Kansas, and that the same be adjudged to be prior and superior to the lien of the Kansas Mortgage Company and the liens of Mary E. and J. F. Abbey and C. Bisher, and the lien of the Kansas Mortgage Company be adjudged to be prior to the lien of Mary E. and J. F. Abbey and C. Bisher; that said mechanics' liens be foreclosed, and that if said mechanics' lienors' judgments be not paid within 10 days from this date, that the said described real estate be sold according to law, as is upon execution, and the proceeds of such sale be applied, first, to the costs of suit and sale, and then to the payment of said judgments herein rendered in favor of said mechanics' lienors; and if there should not be funds sufficient to pay all of said judgments in full, then that same be paid *pro rata*, as their several interests may appear, and so far as the proceeds of such sale may go to pay the same, and that the said Kansas Mortgage Company, and the said Mary E. and J. F. Abbey and C. Bisher, are forever barred and foreclosed from setting up any title or interest in said above-described real estate, or any part therein, adverse to the rights of the said judgment creditors and mechanics' liens, or either of them; that the defendants Mary E. and J. F. Abbey and C. Bisher have their cause continued as to Annie M. Rauenzahn for service, and have and recover judgment against the defendant I. W. Rauenzahn in the sum of $491.25, with interest at 10 per cent. from date, and for their costs; that the mortgage lien of said Mary E. and J. F. Abbey and C. Bisher be adjudged a valid and subsisting lien, but junior and inferior to the above-named mechanics' liens and the mortgage lien of the Kansas Mortgage Company upon said real estate, and said described real estate, if sold by law under the mechanics' lienors' judgment, that the surplus, if any, from said sale, after paying said mechanics' lienors' judgments and costs, be brought into court, and there be held by said court to await the action against said Annie M. Rauenzahn." To the rendition of which judgment, and to each and every part thereof, except the part thereof which adjudges the mortgage lien of the defendant the Kansas Mortgage Company prior and superior to the liens of said defendants Mary E. and J. F. Abbey

and C. Bisher, the said defendant the Kansas Mortgage Company then and there excepted.

From the first finding, it appears that the mortgage of the Kansas Mortgage Company was filed for record on the 14th day of April, 1888. From the record, it appears that the statement for a lien filed by the Russell & Wilcox Hardware Company shows that its first item was furnished April 23, 1888. The statement of Lewis Padrick shows that his claim was for labor performed in the 28 days prior to July 10, 1888. The statement of McCullam & Co. shows that their contract was made April 16, two days after the recording of the mortgage, and their account attached to their statement shows their first item on the 19th day of April, 1888. The statement and account of W. H. Smith shows that the first material furnished by him was on the 18th day of April, 1888. These liens of Russell & Wilcox, McCullam & Co., Padrick and Smith were declared prior to the mortgage. The plaintiff in error, the mortgage company, challenges the correctness of this ruling, having saved all proper exceptions.

Two questions are discussed: the one is the proper construction of § 630 of the code, being the section of the mechanics' lien law under which this action arose; and the other is as to whether or not the mechanics' lien claimants are bound by the dates mentioned in their statements. In considering the first question, it is important to us to know for what Russell & Wilcox and the other claimants, whose liens are declared superior to the mortgage, asserted their liens. That of the Russell & Wilcox Hardware Company was for hardware, such as nails, locks, bolts, metal roofing, etc. That of Padrick was for carpenter work performed in the construction. That of McCullam & Co. was for lumber and other material furnished and used in the construction. That of W. H. Smith was for stone and lime. Under the construction of this section uniformly given by this court, liens for the purposes above mentioned all date from the commencement of the building. (*Thomas v. Mowers*, 27 Kas. 265; *Lumber Co. v. Schweiter*, 45 id. 207; *Getto v. Friend*, 46 id. 24.) Indeed,

this is so plain from the letter of the statute that there seems to be no room for judicial construction.   Under this statute, all work done and all labor performed and all material furnished in the construction of a house or other building is entitled to a lien to date from the commencement of the building; the lien for all fixtures and machinery furnished dates from the time they are furnished or put up.    It is suggested that the case of *Warden v. Sabins*, 36 Kas. 165, prescribes a different rule, but this is a mistake, the only question in that case being as to whether a conveyance made by the owner after the right to a mechanic's lien attaches is to be considered as an incumbrance.   An expression is used by the court that counsel seize upon as conclusive of this question, but the contention here was not raised in that case, and was not in the mind of the court, and consequently could not have been decided. Liens under our law date from the commencement of the building, when one is constructed; from the making of repairs, when a building is altered or improved; from the furnishing or putting up of fixtures or machinery, when they are attached to or put in any building; and the Chief Justice, writing on another question arising under the section, mentioned in a passing way these things, without distinctly stating all the conditions.   The case is not authority for the claim made from it in the brief of counsel for defendants in error.   At least, in this case it seems perfectly clear to us, that as the labor performed and material furnished was performed and furnished in the construction of a house, and not in its repair or alteration, and as the court specially finds that the material furnished was not for either fixtures or machinery, that all these liens must date from the commencement of the building, and not from the date at which the first items in the various statements were furnished.   And this brings us to what seems to be the controlling question in the case, and that is, What is "the commencement of the building"? The trial court says, in its sixth special finding, that—

"The actual labor of constructing said building was not commenced at the date of the execution of the mortgage to

the Kansas Mortgage Company, nor at the date of filing the same for record, and at said dates, and at each of them, no work or labor had been done on said lots towards the construction of said building, except that material for the same had been delivered upon the ground, which material was afterwards used in the construction of said building."

What the character or extent of the material delivered was we are not informed. It was held by this court, in the case of *Thomas v. Mowers*, supra, that the work of digging the cellar was the commencement of the building. This case cites *Pennock v. Hoover*, 5 Rawle, 291, wherein it is stated:

"The commencement of the building is the first labor done on the ground which is made the foundation of the building, and to form part of the work suitable and necessary for its construction. The commencement of a building in law takes place with the digging and walling of the cellar."

The case of *Brooks v. Lester*, 36 Md. 65, is also cited, and the case holds:

"It is some work or labor on the ground, such as beginning to dig the foundation, which every one can readily see and recognize as the commencement of the building."

In the cases of *Kelly v. Rosenstock*, and *Kugler & Kugler v. Same*, 45 Md. 389, it was held that where a lessee, before he had acquired an interest in the property, and before a survey had been made, went with his foreman and a laborer and drove stakes to indicate the line of the foundations, and at one corner dug or scraped away the dirt down to a level, the whole work occupying but a part of a day, that this could not be considered as the commencement of the building.

In the case of *Savings Bank v. Fellowes*, 42 Conn. 36, it is held that bringing a considerable amount of lumber upon the premises and beginning to build a fence around the lot does not create a lien prior to a mortgage executed after the delivery of the lumber or the commencement of the fence, the work on the house not commencing until after the execution of the mortgage.

In the case of *Insurance Co. v. Rowland,* 26 N. J. Eq. 389, it is said:

"The legislature intended to make the actual and visible commencement of the building notice to all who might propose either to purchase or acquire liens on the property. The commencement of actual operations on the ground for the erection of the building is constructive notice to all such persons of the claims which those who may contribute work or material for the building may thereafter make against the property by virtue of the mechanics' lien law. The excavation for the foundation is such notice."

In *Conrad v. Starr,* 50 Iowa, 470, a mortgage was recorded on the 12th of April; between the 1st and 10th of April the foundation of a block was staked out and some rubbish removed from the lot. The lien of the mortgage was held to be first and superior to mechanics' liens.

These citations are enough to show the drift of judicial opinion upon this question. We venture to say that, as the avowed object and main purpose is to create an impression on the mind of any person who seeks to purchase or acquire an interest or lien in the land, the acts indicating that a building thereon is being commenced ought to consist of work of such character that a person of ordinary observation could determine that a building was in process of construction. Does the deposit of some material on a vacant lot create such an impression as amounts to notice? While it might, how much stronger does the excavation for the foundation walls or for the cellar convey the necessary notice. The material may turn out to be a temporary deposit, but the excavation is an unmistakable index to the intention of the owner to build. The trial court went upon the theory that the lien dated from the time the first item in the statement was furnished, but this is a mistake; and unless we can say that the fact found in the sixth special finding, that the act of delivering material which was subsequently used in the construction of the building was the commencement of the building, the judgment must be reversed.

We think it better for all concerned that we adhere to the beaten path followed by other courts, and hold that the mere placing of some material on lots is not the commencement of the building, as intended by the legislature.    It is not certain, definite, or fixed.    Questions may arise as to the amount, character or nature of the material, and after all the material may not be used, or, if used, only after a long time.    The digging of the cellar, the excavation for the foundation walls, is a definite thing, open to the observation of all passers-by, very suggestive of its purposes, and is a better starting-point from which to date a lien, because it is unmistakably the commencement of a building.    And there is another very good reason to sustain this construction.    A lien for fixtures or machinery dates from the time they are furnished or put up, by the express words of the section; and the legislature having provided that one class of liens may date from the time the fixtures or machinery is furnished, and having provided that another class shall date from the commencement of the building, it would not be a sound construction to hold that both could date either from the commencement of the building, or from the time material was furnished.    In this view, the other questions become immaterial.

We recommend that the cause be remanded to the district court, with instructions to so modify its judgment as to give the mortgage the prior lien.

By the Court: It is so ordered.

All the Justices concurring.