John I. Throckmorton *vs.* William R. Shelton, Clerk.

Third Judicial District, Bridgeport, October Term, 1896. Andrews, C. J., Torrance, Fenn, Baldwin and Hamersley, Js.

If under a decree of strict foreclosure upon a mechanic's lien, with judgment for possession and stay of execution until after the day limited for redemption by the last in order of several junior incumbrancers, the latter redeems within the time limited, he cannot take any benefit from the judgment for possession. That was a mere incident of the plaintiff's right to become, by virtue of foreclosure proceedings, the absolute owner of the land, if there should be a failure to redeem. There having been no such failure, the judgment spent its force when he collected his claim.

A conveyance, therefore, by the plaintiff of all his right and title by virtue of his lien and of the decree, made to the redemptioner after the redemption, while it would make him the owner of the lien conveyed, could confer no right to the issue of an execution on the judgment.

One holding a mechanic's lien does not thereby acquire a mortgagee's title to the land, although the equitable relations between the lienor and the owner are otherwise substantially the same as those between mortgagor and mortgagee.

[Argued November 4th—decided December 1st, 1896.]

Application for a writ of mandamus requiring the respondent to issue an execution in ejectment upon a foreclosure judgment, brought to the Superior Court in Fairfield County and tried to the court, *Hall, J.,* upon the motion of the respondent to quash the alternative writ; the court granted the motion, and the petitioner appealed for alleged errors in the rulings of the court. *No error.*

The averments of the alternative writ were that on May 6th, 1894, a decree of strict foreclosure was passed by said court in favor of William P. Jessup, upon a mechanic's lien on land of Lucia I. Chapman, against her, her husband, and several other parties, including the present applicant; that this decree found a debt of $2,981.30 to be due from her to the plaintiff and secured by said lien, and set a time in which each of the defendants in succession might pay said sum, in default of which, and of payment by the parties whose time might have previously expired, he and his heirs and assigns should be forever barred and foreclosed of all equity to redeem said land, and further ordered that Lucia I. Chapman and her husband should deliver up to the plaintiff possession of said premises, with stay of execution, nevertheless, until after November 22d, 1894, that being the day set for the last in order of the defendants, namely the present applicant, to redeem in ; that none of the parties before said applicant redeemed ; that the applicant did redeem on November 22d, 1894; that on February 7th, 1896, Jessup conveyed all his interest in and title to the premises to the plaintiff; that on the next day the applicant filed a certificate of foreclosure for record, stating the passage and terms of the decree, the bounds and description of the land, the failure of each of the defendants, except the applicant, to redeem, the redemption on November 22d by himself, and the conveyance to him of February 7th ; that on June 3d, 1896, he notified the clerk of the court that he had so "redeemed said lien," and so become subrogated to all rights of Jessup under the decree, that Jessup had since conveyed his interest to him by deed, that the Chapmans were still in possession, and that he claimed the right to have and demanded the issue, for his own benefit, of an execution in the name of Jessup for the possession of the premises ; and that the clerk had refused to comply with said demand.

The motion to quash the alternative writ set up the following grounds: 1. The facts alleged therein, and in the application therefor, show that the respondent is not by law authorized, or required to issue the execution, which the

alternative writ commands him to issue, to the said John I. Throckmorton. 2. The facts alleged in the said alternative writ, and in the application therefor, show that the said John I. Throckmorton has not the absolute title to the property therein described, and that he is not entitled to the possession thereof, against the said George D. and Lucia I. Chapman, and that this defendant has no power or legal warrant to issue the execution demanded. 3. From the statement of facts in the said alternative writ, and in the application therefor, it appears that by the decree of the court in said cause, the respondent was directed to issue execution to the said Jessup only in case said John I. Throckmorton and the other defendants named therein, failed to redeem the premises; and that the said John I. Throckmorton did so redeem. 4. The facts alleged show that neither the said Jessup in his own behalf, or in behalf of the said John I. Throckmorton, nor the said John I. Throckmorton, is entitled to the execution prayed for, and that this defendant has no power to issue the same.

*Robert E. DeForest* and *Bacon Wakeman*, for the appellant (petitioner).

When Jessup acquired his lien and perfected the same in the mode provided by law, the legal title to the premises then vested in him, precisely as it would have vested had the lien been that of a mortgage instead of a mechanics' lien. *Colwell* v. *Warner*, 36 Conn. 224, 234; *Chappell* v. *Jardine*, 51 id. 68, 69; *Andreas* v. *Hubbard*, 50 id. 369; *Loomis* v. *Knox*, 60 id. 350. The mere fact that a subsequent incumbrancer, whether a party to the decree or otherwise, redeemed from the mortgagee after the decree had become absolute as to the mortgagor, does not open the decree as to him, or in any manner restore the lien debt of the mortgagor to the mortgagee, so as to make it necessary for the redemptioner to foreclose over as to the mortgagor, thereby giving to him another day in court and another chance to redeem. *Andreas* v. *Hubbard*, 50 Conn. 369; *Peck's Appeal*, 31 id. 215; *Swift* v. *Edson*, 5

id. 535; *Smith* v. *Chapman*, 4 id. 344, 346; 2 Swift's Dig. (1884), 213.

*Daniel Davenport*, for the appellee (respondent).

The Chapmans by redeeming any of the later incumbrances can redeem the Jessup lien, notwithstanding the decree of foreclosure. This is familiarly known to the profession and requires no argument or citation in its support. Chapter 277 of the Public Acts of 1895, was passed to provide means by which this right could be cut off without compelling the redeeming prior incumbrancer to resort to foreclosure proceedings.

BALDWIN, J. The office of an execution is to execute the judgment. The judgment obtained by Jessup provided for a strict foreclosure of his lien, unless the indebtedness of Mrs. Chapman to him were paid by her or some other of the defendants, by November 22d, 1894, and for the delivery of possession to him, but with stay of execution until after that day had passed. The judgment for possession was merely ancillary to the judgment of foreclosure. Having jurisdiction to enforce the lien, the court had jurisdiction to do whatever was necessary to enforce it effectually and give complete relief. *Middletown Savings Bank* v. *Bacharach*, 46 Conn. 513, 526. But within the time limited for redemption, one of the defendants—the present applicant—did redeem. The purpose of the foreclosure suit was thus accomplished. The creditor received all that was due him, and it became unnecessary for his protection to dispossess Mrs. Chapman.

The present applicant, by making this payment, became entitled to the benefit of the mechanic's lien, but not to the benefit of the execution. That had been stayed until it could be ascertained whether the foreclosure would become absolute. It never became absolute, and therefore the only object which would justify its issue in an equitable action ceased to exist.

The applicant claims that the holder of a mechanic's lien occupies, with regard to the mortgagor, the same position as

if he were a mortgagee. As regards their equitable relations, this is substantially true. *Loomis* v. *Knox*, 60 Conn. 343, 350. But so far as concerns the legal title to land, which is subject to a mechanic's lien, it remains fully in the original owner or his assigns, unless, in the event of foreclosure, it is divested by force of the decree and the statute upon which the decree is founded.

The quitclaim deed, therefore, from Jessup to the applicant, did not convey the legal title to the land, for it was never in the grantor. It did not convey a possessory right, enforceable by execution, for that also the grantor had never acquired. The judgment in his favor for possession spent its force when his debt was paid by one of the parties to the cause, within the appointed time. His lien was not sold to a stranger, but passed to a party who had and exercised a right of redemption; and the event thus occurred, the possibility of which had induced the court to stay the execution. Had his foreclosure become absolute, and had he then accepted payment of the amount of his claim from some third party and transferred to him his interest in the mortgaged premises, the purchaser might have been considered to occupy the position of an equitable assignee of a judgment so far as to justify him in demanding the issue of an execution in the name of Jessup, to put him in possession. The present applicant has no such right, for his payment prevented any absolute foreclosure, and was made by way of redemption instead of purchase. He can obtain possession only if necessary for his own protection, and on proceedings against those who may be in occupation, instituted in his own name.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.