No. 28,750.

M. G. Kantzer, doing business as The Kantzer Planing Mill, *Appellee*, v. The Southwest Home Investment Company et al., *Appellees;* The Parsons Building and Loan Association, *Appellant.*

(278 Pac. 53.)

Opinion filed June 8, 1929.

*Albert Faulconer, Kirke W. Dale, C. L. Swartz,* all of Arkansas City, and *Paul H. Kimball,* of Parsons, for the appellant.

*O. Ream, W. L. Cunningham, D. Arthur Walker* and *Fred G. Leach,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action to foreclose a mechanics' lien on real property on which a residence had recently been constructed. Three other mechanics' lien claimants and a mortgagee were made parties defendant, and they sought to foreclose their respective liens. Between the mechanics' lien claimants and the mortgagee the question involved was priority of liens. The trial court made findings of fact and decreed that the mortgagee have a first lien for $777.15; that the four mechanics' lien claimants coördinate with each other, have a second lien for the amount of their claims, aggregating $2,510.61; and that the mortgagee have a third lien for $1,503.18, being the balance due under its mortgage. The mortgagee

has appealed and contends that it should have had a first lien for the entire sum due it.

The mortgage was dated August 30 and recorded September 2, 1926. The money was to be advanced on the mortgage as needed to pay for the construction of the building, interest to be computed only from the date money was advanced. The mortgage was for $3,000. The mortgagee advanced to the mortgagor $1,000 October 14 and $1,000 November 8, 1926. Of the money so advanced only $700 was paid on labor and material which went into the building; the balance was appropriated by the mortgagor to his own use. On September 16, 1927, the mortgagee charged to the mortgagor $153.26, being the interest on the two advancements to that date, and a few days later paid three bills aggregating $77.15 for labor and material used in the building.

The court made no specific finding of the date when the work was first done on the building. The mortgagee asked the court to find that no work, labor or improvements on the building were commenced on the property until about September 20, 1926. The court declined to make that finding, but did make a general finding that all issues of fact are found generally in favor of the lien claimants and against the mortgagor and the mortgagee. There was evidence tending to show that the work was actually begun on the building about August 20. In view of this evidence the findings of the court are to the effect that the work of constructing the building was actually commenced before the mortgage was executed and recorded.

The court's decree made the lien in favor of the mortgagee for the money furnished by it which went into the building and mechanics' lien claims for work and material which went into the building prior to the lien in favor of the mortgagee for money furnished by it which the mortgagor appropriated to some other purpose. In the view that the building was commenced before the mortgage was executed and recorded, there is nothing wrong with this decree of which the mortgagee can complain. Perhaps the first and second liens should have been made coördinate, but there is no cross appeal on that point, and as a practical question it is said to be immaterial.

It is well established, of course, that the liens of mechanics' lien claimants date from the beginning of the work and are prior to that of a mortgage later executed and recorded. (R. S. 60-1401; *Mortgage Co. v. Weyerhaeuser*, 48 Kan. 335, 340, 29 Pac. 153; *Nixon v. Cydon Lodge*, 56 Kan. 298, 43 Pac. 236.)

Much of appellant's argument is predicated on the theory that the

building was not commenced until after the mortgage was recorded, but the findings of fact are against appellant on that question. There is evidence to support them, hence this argument is not in point.

There is quite a little criticism by appellant of the findings of fact made by the trial court, but as to these we find no substantial error. The argument that a mortgage for future advancement should, under some circumstances at least, have priority over mechanics' liens subsequently acquired likewise goes out of the case when it is once determined that the work on the building began before the mortgage was executed and recorded.

We find no error in the case of which the appellant can complain, and the judgment of the court below is affirmed.