No. 41,018

THE DAVIS-WELLCOME MORTGAGE COMPANY, A Corporation, *Appellant*, v. THE LONG-BELL LUMBER COMPANY, now International Paper Company, *Appellee*.

(336 P. 2d 469)

Opinion filed March 7, 1959.

*Milo M. Unruh*, of Wichita, argued the cause, and *Edward F. Arn, Richard F. Mullins, William P. Timmerman, H. R. Kuhn* and *C. W. Eisenbise*, all of Wichita, were with him on the briefs for appellant.

*Dale B. Stinson, Jr.*, of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a judgment in a mortgage foreclosure action, wherein the trial court determined the mechanic's lien of the appellee (one of the defendants in the trial

court), to have priority over the mortgage lien of the appellant (plaintiff). This appeal is only from that part of the judgment which determined the priority between the respective liens of appellant and appellee.

The principal question of law presented concerns the priority of liens where construction started on real estate covered by a mortgage which was executed and delivered the day before construction started but not recorded until one day after construction had started.

The matters presented in this appeal are identical with those presented in a companion case this date decided, *Davis-Wellcome Mortgage Co. v. Long-Bell Lumber Co.*, 184 Kan. 202, 336 P. 2d 463. The principal difference is that in this action Richard Bills and his wife were the owners of the real estate covered by the mortgage, while in the companion case Floyd L. Durham and his wife were the owners of the real estate (in the same subdivision) covered by the mortgage in that case, otherwise the facts are similar and the questions of law presented are identical.

On June 28, 1955, Richard Bills and his wife (defendants below but not parties to this appeal), owners of eight unimproved lots in Eastview Heights Subdivision in the City of Newton, executed and delivered to the Davis-Wellcome Mortgage Company of Topeka, Kansas, appellant, their promissory note and real estate mortgage covering lots 10, 11, 14 and 15, block 2, and lots 2, 3, 4 and 5, block 4, in the above subdivision. This mortgage was filed for record at 12:00 o'clock noon in the office of the register of deeds of Harvey County, Kansas, on June 30, 1955. Lot 10, block 2, above, was subsequently released from the lien of said mortgage and is not involved.

The mortgagors defaulted in paying to appellant the moneys due it under the note and mortgage above described, and subsequent to the default the instant mortgage foreclosure action was commenced.

As of the date of judgment, there was due on said note and mortgage the total sum of $46,082.12 with interest at 5% per annum from April 10, 1956.

The appellee, the Long-Bell Lumber Company, now International Paper Company, under contract with the owners of the property above described, furnished certain building materials used in the construction of houses upon such real estate. The total amount due

to the appellee from the owners for such material furnished was $30,219.50. None of this amount was paid and appellee filed its mechanic's and materialman's lien statement with the clerk of the district court of Harvey County, Kansas, on December 23, 1955. The lien statement was properly filed in accordance with the applicable statutes of the State of Kansas and within four months from the date on which appellee last furnished materials for construction of houses on the real estate which is the subject of this action.

The foregoing facts were stipulated at the trial of the cause in the lower court and are not in controversy. There is a dispute between the parties to this appeal as to when construction started. The evidence on this point is conflicting. The trial court found that appellant's mortgage was not a purchase money mortgage, and that construction of the houses was started on the real estate in question on the 29th day of June, 1955, the day after appellant's note and mortgage were executed and delivered but the day before the mortgage was filed of record. Upon such findings, the trial court rendered judgment that the various lien claimants have judgment against the Bills for the amounts due and payable and that the liens of appellant and appellee be foreclosed. With respect to the priority of the liens, the court, in conformity with its findings, entered judgment that appellee's mechanic's lien was prior in right to appellant's mortgage lien.

Appeal has been duly perfected from only that part of the judgment granting priority to appellee, and from the order overruling the motion for a new trial, raising the following questions:

1. Was the trial court's finding that construction started on the real estate in question on the 29th day of June, 1955, supported by the evidence?

2. What are the priorities between a mortgagee and a mechanic's lien claimant in a case in which the mortgage is executed and delivered prior to the commencement of construction, but recorded subsequent to the commencement of construction?

On the first question this court is requested in substance to reweigh the evidence and to determine from the cold record which has the greater probative value. This is not the function of the appellate court. (*In re Estate of Guest*, 182 Kan. 760, 324 P. 2d 184; and *Bruington v. Wagoner*, 100 Kan. 439, 164 Pac. 1057.)

The evidence was conflicting as to when construction started but ample to permit the trial court to find either way. There was

substantial evidence presented by the record, as abstracted, to support the trial court's finding that construction was started on the 29th day of June, 1955. There was testimony by the building contractor that pushouts, the excavation for foundation walls of a house, were made on the 29th day of June. Application for building permits was made to the city clerk of Newton on the 29th day of June and the permits issued made reference that construction was to commence on the 29th day of June. A truck driver, Joe Johnson, delivered materials to these lots on the 30th day of June at which time there were some pushouts for the foundation footings, according to his testimony. This testimony is corroborated by charge sales delivery tickets kept in the ordinary course of appellee's business showing charges to Richard Bills and delivery by the driver, Johnson, on June 30, 1955.

This was sufficient evidence to support the trial court's finding, even against the testimony of the city engineer who was called by the appellant to testify. This engineer platted the subdivision and his testimony was that he inspected the premises as of 12:00 o'clock noon on the 30th day of June, 1955, and observed that there was no evidence of construction or materials on the lots in question at that time. Immediately after such inspection he made a written report to that effect in the form of a letter dated June 30, 1955, addressed to the appellant which was introduced in evidence.

The law with respect to the issues presented on this appeal has been decided in *Davis-Wellcome Mortgage Co. v. Long-Bell Lumber Co.*, supra, and that opinion is adopted and incorporated herein as controlling and determinative of this appeal.

Under G. S. 1949, 60-1401, a mechanic's lien for materials used in the construction of houses upon real estate covered by a mortgage, takes precedence in a foreclosure action over the mortgage where construction was started after the mortgage was executed and delivered but before it was recorded.

The judgment of the lower court is affirmed.