No. 41,017

THE DAVIS-WELLCOME MORTGAGE COMPANY, A Corporation, *Appellant*, v. THE LONG-BELL LUMBER COMPANY, now International Paper Company, *Appellee*.

(336 P. 2d 463)

Opinion filed March 7, 1959.

*Milo M. Unruh*, of Wichita, argued the cause, and *Edward F. Arn, Richard F. Mullins, William P. Timmerman, H. R. Kuhn* and *C. W. Eisenbise*, all of Wichita, were with him on the briefs for appellant.

*Dale B. Stinson, Jr.*, of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The principal question presented is the priority of liens of a mortgagee and a mechanic's lien holder where construction of houses on real estate covered by the mortgage was begun the day after the mortgage was executed and delivered, but the day before it was recorded.

Floyd L. Durham and his wife were the owners of eight unimproved lots in Eastview Heights subdivision in the city of Newton. On June 28, 1955, they obtained a loan from plaintiff and executed and delivered their promissory note and mortgage upon lots 2, 3,

4, 5, 6 and 7, block 2, and lots 18 and 19, block 4, in the above subdivision. Two days later, June 30, 1955, the mortgage was filed of record in Harvey county, and funds were first advanced thereunder on July 7, 1955. Later, lot 7 was released from the lien of the mortgage and is not involved in this controversy.

On June 29, 1955, Long-Bell Lumber Company, now International Paper Company, hereafter referred to as Long-Bell, entered into an oral contract with Floyd L. Durham whereby it agreed to furnish lumber and other building materials for the construction of a house upon each of the eight lots described in the mortgage. Pursuant to the oral contract and between June 29, 1955, and September 15, 1955, Long-Bell sold to Durham and delivered to the building sites lumber and materials which were used in the construction of the houses. Durham failed to pay any part of the amount due and Long-Bell timely filed its verified mechanic's lien statement in the office of the clerk of the district court.

The Durhams defaulted in the payment of principal and interest due under the mortgage and plaintiff commenced the instant action to foreclose. Among those named as defendants were Floyd L. Durham and his wife, and Long-Bell which sought foreclosure of its mechanic's lien upon the real estate described in the mortgage. At the trial the parties stipulated to all pertinent facts except the date construction of the houses was commenced. Upon this point conflicting evidence was presented.

The trial court found that plaintiff's mortgage was not a purchase money mortgage, and that construction of the houses had commenced on June 29, 1955, the day after plaintiff's note and mortgage were executed and delivered but the day before the mortgage was filed of record. In accordance with its findings, the trial court rendered judgment that the various lien holders have judgment against the Durhams for the amounts due and payable and that the liens of plaintiff and Long-Bell be foreclosed. With respect to the priority of the liens, the court, in conformity with its findings, entered judgment that Long-Bell's mechanic's lien was prior in right to plaintiff's mortgage lien. Plaintiff has appealed from only that part of the judgment granting priority of Long-Bell's lien over its mortgage lien, and from the order overruling its motion for a new trial.

Plaintiff first argues the trial court's finding that construction was commenced on June 29, 1955, was not supported by substantial

evidence. The point is not well taken. The court below found against the plaintiff on this question, and it is well settled that the triers of facts are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. On appellate review this court passes only upon the question whether there was substantial evidence to sustain the findings of the trial court (*Stoskopf v. Stoskopf,* 173 Kan. 244, 245 P. 2d 1180; *Boese v. Crane,* 182 Kan. 777, 779, 324 P. 2d 188; *Norris v. Nitsch,* 183 Kan. 86, 97, 325 P. 2d 326). In *Noll v. Graham,* 138 Kan. 676, 27 P. 2d 277, it was held that the trial court's finding of the date of commencement of an improvement, based on conflicting evidence, was conclusive on appeal even though some documentary evidence was received which might have warranted, but did not compel, a different con-- clusion. See, also *Mathey v. Central National Bank of Junction City,* 179 Kan. 291, 293 P. 2d 1012. We deem it unnecessary to detail the testimony of the parties as to when construction was commenced, but suffice it to say we have reviewed the record and conclude that while the trial court might have found otherwise, there was sub-stantial evidence to support its findings that construction was first commenced on the houses on June 29, 1955.

Plaintiff next contends that if it is determined construction be-gan on June 29, 1955, there is a basic and compelling reason why the trial court's judgment must be reversed. That reason is best stated by quoting from plaintiff's brief:

". . . it is the contention of the appellant . . . that its lien at-tached and became operative against the real estate above described as of the date of execution and delivery to it of the above mentioned note and mortgage—that is to say, on June 28, 1955. It is appellant's further conten-tion that the lack of recording thereof does not in any way lessen the force and effect of said mortgage as a lien, or destroy its priority as against a mechanic's lien, for the reason that a mechanic's lien holder or a materialman's lien holder is not a *subsequent purchaser or mortgagee for value* within the meaning of the recording statutes of the State of Kansas. That, therefore, such materialman's or mechanic's lien holder cannot look to, nor rely on the records of the Register of Deeds for protection of its lien priority."

As preliminary to discussing this contention, we refer to well-settled rules of this court pertaining to a mechanic's lien established pursuant to G. S. 1949, 60-1401: First, that such a lien for labor performed or material furnished in the construction or erection of improvements attaches from the date work or construction com-mences (*Mortgage Co. v. Weyerhaeuser,* 48 Kan. 335, 29 Pac. 153; *Security Stove & Mfg. Co. v. Sellards,* 133 Kan. 747, 3 P. 2d 481;

*Leidigh & Havens Lumber Co. v. Wyatt,* 153 Kan. 214, 219, 109 P. 2d 87), which, in the instant case, was found to be June 29, 1955; second, that the excavation for foundation walls of a house (pushouts) is regarded as the commencement of the building in determining when such lien attaches *(Mortgage Co. v. Weyerhaeuser,* supra; *Leidigh & Havens Lumber Co. v. Wyatt,* supra); third, that where construction is commenced prior to the execution and delivery of a mortgage, such a lien is prior in right to a later executed, delivered and recorded mortgage *(Mortgage Co. v. Weyerhaeuser,* supra; *Nixon v. Cydon Lodge,* 56 Kan. 298, 43 Pac. 236; *Kantzer v. Southwest Home Investment Co.,* 128 Kan. 401, 402, 278 Pac. 53), and fourth, a mortgage executed, delivered and *recorded* prior to commencement of work is superior and paramount to such a lien for materials furnished. (Vol. II, Glenn on Mortgages, § 352, p. 1460.)

In support of its second contention plaintiff asserts the trial court erred in holding that the recording of plaintiff's mortgage on June 30, 1955, determined the date on which its lien became effective as against the lien of Long-Bell. The assertion requires an examination of our so-called recording statutes. G. S. 1957 Supp. 67-221 provides in effect that every instrument in writing that conveys real estate or whereby any real estate may be affected, proved or acknowledged, may be recorded in the office of the register of deeds of the county in which such real estate is situated. It is elementary that a real estate mortgage is a written instrument affecting real estate and subject to recordation. The following sections of General Statutes 1949 provide:

"67-222. Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice.

"67-223. *No such instrument in writing shall be valid,* except between the parties thereto, and such as have actual notice thereof, *until the same shall be deposited with the register of deeds for record.*" (Emphasis supplied.)

There is nothing in the record which suggests that Long-Bell had actual notice of plaintiff's mortgage prior to its recordation on June 30, 1955, and the clear and unambiguous language of 67-223 would seem to decide this controversy. But, plaintiff contends it does not, and, as previously noted, argues that the sections above quoted

have application to and protect only subsequent purchasers and mortgagees in good faith; further, that a judgment creditor is not a subsequent purchaser or mortgagee in good faith and for a valuable consideration (*Culp v. Kiene*, 101 Kan. 511, 512, 168 Pac. 1097); that since neither a judgment creditor nor a mechanic's lien holder is expressly included within the terms of the above quoted sections, a mechanic's lien holder can have no greater standing under the law than a judgment creditor and likewise is not a subsequent purchaser or a mortgagee in good faith and cannot look to or rely upon the records of the register of deeds for protection of priority of its lien; hence, since plaintiff's lien was created on June 28, 1955, when the mortgage was executed and delivered, it was under no obligation to Long-Bell under the recording statutes to record its mortgage on that date or at any other time to establish priority of its lien.

In making the contention, plaintiff concedes that under G. S. 1949, 60-1401 a mechanic's lien is preferred to subsequently attaching liens. In seeking to avoid the effect of G. S. 1949, 67-223 that its mortgage was invalid as to Long-Bell's lien, it relies principally upon the following language in *Culp v. Kiene*, supra:

"The statute (67-223) has been interpreted many times by this court, and it is settled law that the statute applies to none but purchasers and mortgagees in good faith and for a valuable consideration. It does not apply to judgment creditors or to execution purchasers . . ." (l. c. 512.)

and attempts to draw an analogy that our recording statutes afford no more protection to a mechanic's lien holder than they afford a judgment creditor. The contention is based upon an erroneous premise. The Culp case involved the right of a judgment creditor to rely upon the record title to real estate to enforce his judgment. The single question was whether a judgment creditor could sell under execution property not owned by the judgment debtor. It was held he could not, and the opinion properly stated that "the lien of a judgment is upon land of the debtor, and not upon land of others. (Gen. Stat. 1915, § 7320.) A sheriff's sale and deed vests in the purchaser the title of the person against whom the execution was issued, and not the title of others." There is no similarity between that case and the instant case.

There is a basic distinction between a judgment creditor and a mechanic's lien holder. A judgment creditor is not a bona fide purchaser and parts with nothing to acquire his lien which is subject to the equities of all other persons in the property of the judgment debtor. (*Swarts and others v. Stees and Bryan & Hardcastle*, 2

Kan. 236; *Holden v. Garrett*, 23 Kan. 98; *Smith v. Worster*, 59 Kan. 640, 54 Pac. 676.) On the other hand, a mechanic's lien holder parts with a valuable consideration in the form of labor or materials for which the statute gives a lien upon the property improved; it is not acquired by an adverse proceeding after the debt has been incurred but it accrues as the debt accrues, being incident to the improvements, and the owner of the land to which it is attached consents to it when he consents to the improvements.

We can see no fundamental difference between a statutory lien and a lien created by a mortgage. Each arises as a result of a contract with the owner of the property. Under G. S. 1949, 60-1401 a mechanic's lien is security for a debt and is an encumbrance in the nature of a statutory mortgage founded upon consent, under which the holder parts with a valuable consideration. (57 C. J. S., Mechanics' Liens, § 1, p. 492; Vol. I, Jones on Mortgages, 8th ed., § 603, p. 838; Vol. II, Glenn on Mortgages, § 351, pp. 1453, 1454, 1459; Vol. III, Glenn on Mortgages, § 368.1, p. 1513; *Withington v. Shay*, 47 Cal. App. 2d 68, 117 P. 2d 415; *Throckmorton v. Shelton, Clerk*, 68 Conn. 413, 36 A. 805; *Merchants' Insurance Co. et al. v. Mazange*, 22 Ala. 168; *Adams v. Central City Granite, Etc. Co.*, 154 Mich. 448, 117 N. W. 932, 129 Am. S. R. 484.) In the language of the statute, the lien for materials and labor furnished or performed in the erection or improvement of land,

"*shall be preferred to all other liens or encumbrances which may attach to or upon said land, building, or improvement, or either of them, subsequent to the commencement of such building,* the furnishing or putting up of such fixtures, or machinery, the planting of trees, vines, plants or hedge, the building of such fence, footwalk, as sidewalk, or the making of any such repairs or improvements." (Emphasis supplied.)

Although plaintiff's mortgage was executed and delivered prior to the commencement of work and created a valid lien upon the property as between the parties, it was invalid under the clear and unambiguous terms of G. S. 1949, 67-223 as to Long-Bell's statutory mortgage which attached upon the real estate on June 29, 1955, the day before plaintiff's mortgage was recorded. Thus, being subsequent in time to the statutory mortgage (G. S. 1949, 60-1401), the trial court did not err in holding that Long-Bell's lien was prior in right to the lien of plaintiff's mortgage.

The conclusion herein announced finds support in *Golden Belt Lbr. Co. v. McLean*, 138 Kan. 351, 26 P. 2d 274. In that case the mortgages were executed on January 25, 1926, and construction

was commenced on January 27, 1926. The mortgages were recorded on March 8, 1926. While the opinion makes it clear that the mortgages were executed on January 25, 1926, it is not clear from the facts stated whether the mortgages were delivered prior to the commencement of construction. We have examined the abstracts and briefs of the parties to the appeal on file in the state library (6 Kan. Briefs, 138 Kan. case No. 31, 133) which disclose that the mortgages were executed and delivered prior to the commencement of construction and were recorded subsequent thereto. One of the questions presented by the appellant in its brief was,

"Fourth, whether under the mechanics' lien law a mortgage regularly executed and *delivered* before, but not *recorded* until after, the commencement of the work, is paramount to the claim of mechanics and materialmen who deal with the property *after the recordation of the mortgage.*"

That is the precise question presented in the instant appeal. It was held that the mechanic's lien was superior in right to that of the lien of the mortgages. Paragraph 3 of the syllabus reads:

"Under authority of R. S. 60-1401, and the facts narrated in the opinion, the liens for material and labor used in the erection of three houses on three lots, where such improvements were begun before appellant's mortgages thereon were recorded, were properly given precedence over the mortgages in proceedings for their foreclosure."

Both reason and authority require the conclusion that a mortgagee intending to assert a priority over a mechanic's lien holder is required to record his mortgage before the mechanic's lien attaches. Any other conclusion would be contrary to the law of this state and to the decisions of this court.

In arriving at the foregoing conclusion we have examined, not overlooked, the authorities cited by plaintiff. It principally relies upon *Miller v. Stoddard,* 50 Minn. 272, 52 N. W. 895, in which the Supreme Court of Minnesota had before it the problem of priorities where a mortgage was executed and delivered prior to the commencement of work but not recorded until after construction had begun. It was held that under the statute then in force and effect (Gen. St. c. 40, Sec. 21) there was no obligation resting upon a mortgagee to record his mortgage as against a mechanic's lien; that in the absence of a statute on the subject, the common law applied by which a registry was not required; the law imposing upon every one the burden of ascertaining at his peril the actual condition of the title. The decision is not helpful. As we have seen, G. S. 1949, 67-222 and 67-223 render invalid a mortgage entitled to recordation except as between the parties thereto, and

such as have actual notice thereof, until it shall be deposited with the register of deeds for record.

Under the facts in this case Long-Bell perfected and filed its mechanic's lien in accordance with the terms of the statute (G. S. 1949, 60-1401), which was protected by the recording statutes. Long-Bell was a stranger to the mortgage, and the trial court did not err in holding that its statutory mortgage was prior in right to the mortgage lien of the plaintiff.

The judgment is affirmed.