No. 41,309

Rosa Lewis, *Appellant,* v. Orlando Scroggins, *Appellee.*

(339 P. 2d 24)

Opinion filed May 16, 1959.

*Drew Hartnett,* of Salina, argued the cause, and *Lou Tickel,* of Salina, was with him on the briefs for the appellant.

*Harold H. Chase,* of Salina, argued the cause, and *Morris Johnson* and *Norris D. Walter,* both of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: Plaintiff-appellant sought to establish permanent driveway and sewer easements by implications over and under defendant-appellee's property and to enjoin interference by defendant with plaintiff's use of such easements. The trial court found and entered judgment in favor of defendant and overruled plaintiff's motion for new trial from which judgment and order plaintiff perfected this appeal.

We shall briefly summarize some of the pleadings because their allegations help to clarify the evidence adduced on the problems involved. The petition, filed on April 11, 1958, states that two adjoining lots in the city of Salina (No. 18 and No. 20 as indicated on the plat included herein) were originally owned by defendant; in January, 1943, defendant conveyed an undivided one half interest therein to plaintiff; until December 20, 1950, the lots were held by the parties as cotenants but on that date defendant conveyed fee simple title in lot 18 to plaintiff and plaintiff conveyed fee simple title in lot 20 to defendant. During 1940 or 1941 defendant had erected a garage at the rear of the lots and had constructed an eight-foot driveway as a permanent and substantial improvement intended to be preserved as a servitude on lot 20 for the benefit and use of lot 18 which improvement was actually necessary to the convenient use and enjoyment of lot 18. Thus plaintiff, by defendant's conveyance to her, acquired the easement of way appurtenant to lot 18. Since 1939 the easement of way over and across lot 20 had been adversely used and occupied by owners of lot 18 for the purpose of ingress and egress from the garage. During this time the owners of lot 20 were not prevented from instituting suit or action against plaintiff or her predecessors in title and up to the time this suit was filed she had continued uninterruptedly in the use of such easement since September 1940, or 1941.

In April, 1946, a sewer line from plaintiff's house was placed three to six feet under the surface of plaintiff's lot 18 and continued under defendant's lot No. 20, as shown by the solid double lines on the plat.

The sewer was constructed by defendant for the enjoyment and necessity of plaintiff's home on lot 18 and to the present time has been used as a sewer easement by plaintiff and her predecessor in title. At all times defendant knew of the driveway and sewer easements that are necessary for the use and enjoyment of plaintiff's lot 18. Defendant wrongfully and without any right erected a building (duplex on lot 20 as shown on the plat) upon and over the easements which damaged and destroyed them and interferes with plaintiff's enjoyment thereof. The prayer sought an injunction to prevent defendant from interfering with the easements and a mandatory injunction commanding him to remove any and all obstructions he has erected which interfere with their use and enjoyment.

Defendant filed a general denial and further answered that he and plaintiff, as husband and wife, had been common owners of lots 18 and 20, but on December 21, 1950, by order of the district court of Saline county, they were divorced and defendant was decreed to be owner of lot 20 without reference to any easement or charge existing or claimed by the plaintiff on lot 20. The decree was not appealed from and is therefore absolute and final. In reply to this answer, plaintiff generally denied all new matter alleged in the answer.

Trial was had on May 6, 1958. The evidence showed that plaintiff had lived on lot 18 since February, 1939, at which time she became the wife of defendant. Lot 18 then had only a house on it and lot 20 was vacant. In 1943 these lots were purchased by defendant and title was taken in both names. They had made improvements on lot 18 such as connections for gas, water, and a sanitary sewer and had also made driveway repairs. Plaintiff had used the garage until defendant moved the duplex on the driveway. The driveway was visible and apparent with an entrance from Fourth Street which was curbed and guttered. In 1946 the sewer was installed for the use of the home on lot 18. Lot 20 was vacant at the time. Plaintiff testified that the sewer line existed as shown by the solid lines on the plat. The sewer was working but repairs could not be made because of defendant's duplex over it. The duplex extends two feet over into the driveway and a porch thereon extends almost across the driveway. There is just room to walk between the plaintiff's home and the porch of the duplex. On December 21, 1950, plaintiff was divorced from defendant and the

trial court in making a division of the property ordered that plaintiff should receive lot 18 and defendant lot 20. The court had asked defendant if lot 20 would in any way interfere with the home on lot 18 and defendant had replied in the negative. Defendant had not cut off the sewer.

While the plat which was jointly drawn by agreement of both parties is not truly drawn to scale, it properly shows the locations of the improvements except the location of the sewer on lots 18 and 20. The garage and driveway were both thereupon shown to be on lot 20.

After plaintiff's opening statement, the defendant had moved for judgment on the pleadings and the opening statement, which motion was not then ruled upon. At the close of plaintiff's case, the motion for judgment was renewed and a demurrer was lodged against her evidence, which the court took under advisement.

Defendant's only witness testified on direct examination that the duplex foundation extended over the sewer line possibly a foot or two but on cross-examination he testified that he was not sure where the sewer line ran and it could run as claimed by plaintiff.

On May 7, 1958, the court, in substance, made the following findings of fact: Plaintiff owned lot 18 and defendant owned lot 20; neither the allegations of the petition, nor the evidence in support thereof, established any claim, charge or easement in favor of plaintiff over defendant's property by reason of adverse possession; the evidence disclosed that the driveway and garage were located on defendant's property; that plaintiff had no garage or other outbuildings at the rear of lot 18; that the front entrance to her home is on the east with the rear entrance on the west, and there is ample room on the south of lot 18 to construct a driveway if she so desires and her evidence failed to establish any easement over lot 20 by implication or necessity; the evidence further disclosed that the main sewer ran down the alley at the rear and west of lot 18; that plaintiff has access thereto without crossing lot 20; that the evidence failed to establish any easement over lot 20 by implication or necessity and it further disclosed no interference with plaintiff's use of the present sewer by defendant or the necessity of injunctive relief to prevent interference; the duplex had been located on lot 20 in accordance with the building code and instructions of the building inspector of Salina and cannot be otherwise located on lot 20; that the property rights were fully divided, adjudicated and settled

by the court's decree of December 21, 1950, which was not appealed from, set aside, or modified and is therefore absolute and final. The temporary injunction was dissolved and defendant's title to lot 20 was quieted against any claim by plaintiff or in favor of lot 18.

A motion for new trial based on statutory grounds was timely filed by plaintiff and was argued on May 12, 1958. The order overruling this motion was incorporated in the same journal entry containing the above findings and judgment.

Plaintiff appeals from the findings and judgment of the trial court and its order overruling her motion for new trial and the same matters, including the order overruling the motion for new trial, are covered in plaintiff's specification of errors.

The prime question is—did the trial court err (1) in failing to enjoin defendant permanently from interfering with the driveway and sewer easements which plaintiff by implication claims are necessary for the enjoyment of lot 18, over, across and under lot 20, and (2) in failing to order removal of obstructions defendant or his agents had erected on or over such easements?

Plaintiff relies on *Smith v. Harris*, 181 Kan. 237, 311 P. 2d 325, as support for her contention that the driveway was apparent and necessary for the enjoyment of lot 18 but her theory is not well founded. In the Smith case a concrete "Y" driveway was involved with one arm going to the basement garage on plaintiffs' property and the other arm going to the basement garage on defendants' property. The easement had been expressed in a "Driveway Agreement" and subsequent deeds. The stem of the "Y" was between the two houses and both parties used the two arms to facilitate ingress and egress to and from their respective garages. These facts clearly distinguish our case from the Smith case. As stated, here the driveway and garage were both located on lot 20 and from the record and plat there was evidence to support the judgment of the trial court. We will therefore not disturb that part of its judgment. (*Davis-Wellcome Mortgage Co. v. Long-Bell Lumber Co.*, 184 Kan. 202, 336 P. 2d 463.)

It is admitted that the lateral sewer connecting the home of plaintiff with the sewer main in the alley at the rear of both properties in question runs under lot 20 and from the record, the only definite and substantial evidence before the trial court was that of plaintiff which traced the lateral sewer according to the solid double line appearing in the plat. With the lateral sewer under

lot 20, the trial court by its decree completely cut off plaintiff's rights therein when it quieted defendant's title in and to lot 20. One of the defendant's arguments was that he had not interfered and was not presently interfering with the use of the lateral sewer from lot 18 across lot 20. Although defendant did not appear and testify, he knew of the lateral sewer and the route it followed from the home on lot 18 which he had conveyed to plaintiff in 1950 under the decree of the trial court in the divorce action between the parties. Since defendant had been a party to the sewer installation, it was apparent to him that the home on lot 18 and the plumbing therein could not be used without disproportionate effort and expense unless an easement was implied in favor of plaintiff on the basis of necessity. This situation is similar to the one present in *Van Sandt v. Royster*, 148 Kan. 495, 502, 83 P. 2d 698, where an easement by implication was held to exist.

In an equity suit such as this a trial court is not obliged to render the specific decree sought by either side, but should render a decree in accord with its own judgment or discretion as to what justice demands in view of the facts pleaded and evidence adduced and the respective rights of the parties should be determined by an appropriate decree so as to avoid future litigation as far as possible. These rules with ample supporting authority were recently well stated in *Nelson v. Robinson*, 184 Kan. 340, 345, 336 P. 2d 415. We think the trial court in this instance failed to consider all the competent evidence adduced when it quieted defendant's title, as stated above, and we are compelled to modify the judgment by declaring a sewer easement, as the dominate estate, in favor of plaintiff on lot 18 in and under the surface, as the servient estate, of plaintiff's lot 20. In other words, defendant's title to lot twenty (20) in block four (4) in Episcopal Military Institute Addition to the city of Salina, Saline county, Kansas, is subject to an easement for the lateral sewer connecting lot eighteen (18) in block four (4) in Episcopal Military Institute Addition to the city of Salina, Saline county, Kansas, with the main sewer in the alley at the rear of lots 18 and 20.

The judgment of the trial court is affirmed as modified.