No. 43,636

Marian Finnell, *Appellant,* v. Patrons Co-operative Bank, a Corporation, Administrator of the Estate of Walter J. Piercy, Deceased, *Appellee.*

(394 P. 2d 116)

Opinion filed July 14, 1964.

*Joseph P. Jenkins,* of Kansas City, argued the cause and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Norma Braly, Barton P. Cohen, Jacob F. May, Jr.,* and *Frederick K. Cross,* all of Kansas City, were with him on the briefs for the appellant.

*Maurice R. Hubbard,* of Olathe, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment denying specific performance of a contract for the sale of real estate.

Highly summarized, the amended petition alleged that defendant was the owner of certain real property in Johnson County, Kansas, consisting of 30 acres, more or less. On May 11, 1960, plaintiff and defendant entered into a written contract whereby defendant agreed to sell the property to plaintiff for the sum of $90,000.00 payable $15,000.00 in cash, the balance to be paid over a period of time. A mortgage was to be given on the property for the balance of the purchase price. The sum of $1,000.00 was to be paid at the time of the execution of the contract as earnest money.

A copy of the contract was attached to the petition. The

date of the contract was shown as of "this _____ day of April, 1960," and contained a clause which reads:

"It is mutually agreed and understood by the parties hereto that time is of the essence of this contract, and if within 90 days after the seller has evidenced that he has good and marketable title to the premises and the buyer fails and neglects to comply with this contract on her part, or her assigns, by tendering to the seller, the payment as herein provided, then this contract shall be null and void."

The petition further alleged in substance that although the contract provided for a specific time for closing after title was found to be merchantable, the parties by their actions in continuing to deal with each other over the period of time up to November 10, 1960, when appellee demanded the entire purchase price instead of payments in accordance with the agreement, mutually waived such specified time so that the contract continued to be in full force and effect until breached by appellee.

The amended answer denied all of the allegations of fact contained in the amended petition except the formal allegations and the execution of the contract. The answer specifically denied the making of any oral contract extending the time for performance or that defendant had an agent or representative authorized to act for him.

After an extended hearing covering over three hundred pages of transcribed testimony the trial court found in substance that the contract in controversy was executed April 16, 1960; that on the same day plaintiff was given the abstract of title; that plaintiff did not have the abstract certified to date until May 11, 1960, and did not obtain a title opinion from her attorney until November 22, 1960; that plaintiff had to borrow $15,000.00 from a bank before she could perform under the contract but she first had to show the bank a marketable title to the property; that from the date the contract was signed until August 15, 1960, defendant neither saw nor had any contact with plaintiff; that defendant had no agent or representative authorized to grant an oral extention of the contract or to vary the terms thereof in any respect; that plaintiff called a meeting on November 11, 1960, for the purpose of closing the transaction but defendant did not appear, and later stated that he considered the contract breached.

The trial court concluded that time was the essence of the contract and that it was null and void ninety days after the defendant evidenced good and marketable title which was not later than May 12, 1960.

Judgment was entered denying a decree of specific performance and forfeiting the $1,000.00 paid as earnest money.

Plaintiff has appealed. Subsequent to the appeal the defendant, appellee, died and his administrator, The Patrons Co-operative Bank, has been substituted as appellee.

The appellant suggests nine errors, all challenging the findings and conclusions of the trial court. The case was tried in the court below as an issue of fact. The questions presented for review involves issues of fact. The alleged errors may be grouped in the single contention that the findings of fact and conclusions of law were not supported by evidence.

It would serve no useful purpose to recite in this opinion the testimony of the witnesses for the respective parties. It will suffice to say that we have carefully considered the record and find substantial evidence to support the findings and conclusions of the trial court.

Although the evidence was in conflict and the testimony was highly controversial on the material issues, the trial court resolved the issues in favor of the appellee. Where the trial court's findings are attacked because of insufficiency of the evidence, the power of a reviewing court begins and ends with the determination of whether there is any substantial evidence to support them. The fact that particular testimony, if believed, may have supported a judgment for either party cannot be considered by this court in making its determination. (*Manufacturers State Bank v. Limbocker,* 189 Kan. 267, 369 P. 2d 392; *Robles v. Central Surety & Insurance Corporation,* 188 Kan. 506, 363 P. 2d 427; *Fine v. Telephone & Power Supply Co.,* 185 Kan. 383, 345 P. 2d 616; *Davis-Wellcome Mortgage Co. v. Long-Bell Lumber Co.,* 184 Kan. 209, 336 P. 2d 469).

This court does not pass on the credibility of witnesses or the truth of their testimony. It is the function of the trier of facts, not this court, to determine what tesimony should be believed. The trier of facts is not compelled to believe or, conversely, to disbelieve any evidence so long as it is competent. (*White v. Rapid Transit Lines, Inc.,* 192 Kan. 802, 391 P. 2d 148; *Storm v. Barbara Oil Co.,* 177 Kan. 589, 282 P. 2d 417; *Wheeler v. Jackson,* 132 Kan. 742, 297 Pac. 427.)

A careful examination of the record discloses no trial errors that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.