## Pierson v. Union Bank & Trust Company.

(Decided October 25, 1918.)

### Appeal from Henderson Circuit Court.

1. Banks and Banking—Agency.—One who in opening an account with a bank makes a deposit with the specific understanding and agreement that the bank is to pay out the funds upon checks signed by another, and the funds are so paid out, can not have a recovery against the bank on the ground that the agency of the third person was not in writing.

2. Banks and Banking—Checks Drawn by Another Than Depositor. —Subsection 19 of section 3720b Kentucky Statutes (Negotiable Instrument Act), has no application where the depositor and the bank agree at the time the deposit is made and account opened, that the funds shall be paid by the bank upon checks, to which the depositor's name is signed by another.

3. Banks and Banking—Debtor and Creditor.—The relation of principal and agent does not exist between the depositor and the bank, but they stand in the relation of creditor and debtor.

WOODWARD & DIXON, ERNEST WOODWARD and MOORMAN & WOODWARD for appellant.

DORSEY & DORSEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Mollie Pierson and her son, Roy Pierson, went to the appellee bank for the purpose of and did open a checking account with it in the name of Mollie Pierson, by depositing a check made to Mollie Pierson and Roy Pierson jointly for the sum of $703.00. The Piersons instructed the bank to pay out the money on the check of Mollie Pierson or upon her check by her son, Roy Pierson. Some time

thereafter Roy Pierson deposited another $100 to the credit of Mollie Pierson, but this money appears to have belonged wholly to Mrs. Pierson. In the meantime he was issuing checks against the account signed "Mollie Pierson by Roy Pierson," and these checks were paid. Mrs. Mollie Pierson also issued three small checks, amounting to $16.90, against the account, which were paid. The fund was exhausted, and shortly thereafter Roy Pierson died. Mrs. Mollie Pierson then brought this action against the bank, alleging that she had deposited in the bank the sum of $803.00, which was her individual funds and that she had only checked out $16.90, and that the bank wrongfully refused to honor her check for the balance of the $803.00, which she averred was due her. The bank answered, setting up the fact that it has been instructed by Mrs. Mollie Pierson, in the presence of her son, Roy, to honor checks issued by Roy Pierson, signed Mollie Pierson by Roy Pierson, and that it had done so and that the entire fund had been paid out on such checks, except the $16.90 paid on the checks of Mrs. Pierson. By reply Mrs. Pierson denied that either of the deposits had been made by Roy Pierson, and also denied that when the account was opened by the deposit of the money in bank she requested the bank to honor or pay any check that either she or her said son might draw against the funds in the bank, either in her name or in the name of her son. She further alleged that she had at no time given written or verbal authority to the bank, or to its agents, to honor checks drawn by her son, Roy Pierson, on the deposit, but she admitted she had drawn the three small checks, amounting to $16.90.

A trial was had before a jury to which the question of fact, as to whether Mrs. Pierson had authorized the agents of the bank to pay the money out upon checks signed, "Mollie Pierson by Roy Pierson," was submitted, and the jury found that Mrs. Pierson had authorized the bank verbally to honor checks so signed.

Upon motion and grounds for a new trial filed by Mrs. Pierson, the verdict and judgment were set aside and Mrs. Pierson granted a new trial. Upon a second trial before a special judge, to whom both the law and facts were submitted, without the intervention of a jury, a like conclusion upon the facts was reached and a judg-

ment entered awarding Mrs. Pierson $83.10, being the balance of the $100.00, the second deposit made to her account at the bank at the time when no instructions were given by Mrs. Pierson to the officers of the bank to honor any check save her own. The bank was allowed credit for the $703.00, which it had paid out on the checks signed Mollie Pierson by Roy Pierson. In other words the court, on the last trial, held that as Mrs. Pierson did not give the officers of the bank any instructions as to the payment of the money at the time of the second deposit of $100.00, the bank had no authority to pay out this money except on her check, and as she had issued only three small checks amounting to $16.90 there remained of the $100.00 the sum of $83.10.

As a jury upon the first trial and the court upon the second trial found that the deposit of $703.00 was made by Mrs. Pierson and her son, Roy, both being present, to the credit of Mrs. Pierson, with instructions to the officers of the bank to pay the money out on checks signed Mollie Pierson by Roy Pierson, we have only the legal question to consider: May one, when making a deposit in bank, verbally direct the bank to pay out the funds on checks signed by another, and thus relieve the bank, when payment is so made, of responsibility? In other words, if such a direction is given by the depositor to the bank at the time the deposit is made and accepted, and the bank in pursuance of such instruction pays out the money upon the check of the person designated, or upon the particular signature agreed upon, will the bank be protected? That is the question presented here. The bank, in receiving the deposit, agreed, on the request of the depositors, to pay out the money on checks signed "Mollie Pierson by Roy Pierson." All this entered into the contract by which the deposit was received by the bank, and the bank was bound to comply therewith, and it was fully within its rights when it paid checks so signed. There is no difference in principle between the state of case where A hands money to B and directs B to pass it to C. The giving of the money to C fully discharges the obligation of the second person who holds the money as trustee or agent for the first person. If Mrs. Pierson immediately upon depositing the money at the bank, and before the account was entered upon the books, had said to the cashier, give the money to my son Roy, and

the cashier had thereupon paid it out to him, and Roy had appropriated it to his own use and benefit, would it be contended that Mrs. Pierson could thereafter sue the bank and recover the money which she had thus directed to be given to her son?

There is yet another reason why the bank is not liable to Mrs. Pierson. The transaction was between Mrs. Pierson, the bank and her son, and she directed the bank to honor checks upon the funds signed Mollie Pierson by Roy Pierson, and the bank complied with this request and paid out the money. Upon her representation the bank parted with the money. It is not, therefore, liable to her again for the amount because she, by inducing the bank to pay out the money to her son or on his check, is estopped to now assert claim to the fund.

Mrs. Pierson insists that under section 19 of the Negotiable Instrument Act, which is section 3720b, Kentucky Statutes, which reads: "The signature of a party may be made by an agent duly authorized in writing," the bank had no legal authority to pay the money out upon checks signed by Roy Pierson, because Roy Pierson, had no written authority from Mrs. Pierson to act as her agent in signing her name to checks; that the only authority which the bank had, or that Roy Pierson had for signing and issuing the checks or making payment of the money, was verbal. It has been held in the case of Finley v. Smith, 165 Ky. 445, and in the case of Interstate Life Insurance Co. v. First National Bank of Hazard, 178 Ky. 95, that a signature placed upon a negotiable instrument by an agent is without binding force upon the principal unless the agent be duly authorized in writing. The statute is so plain upon this point that it would be difficult to otherwise construe it. But, in the case at bar we do not think the facts come within the rule. Mrs. Pierson instituted this action against the bank not to enforce or defeat a liability which grew out of the attachment of her signature to a negotiable instrument by her agent, but to recover money from her debtor, the bank, which she had directed the bank to pay in a certain way. We may rely upon the facts as found by the jury and by the court to preclude her. All the authorities agree in holding that a bank is not the agent of a depositor but that the depositor and bank stand in the relation of creditor and debtor. This being so the

.rules of the common law apply in this case, and subsection 19 of section 3720b, Kentucky Statutes, relied on by Mrs. Pierson has no application.

Aside from all this the deposit of $703.00 with which the account was opened was the joint property of Mrs. Pierson and her son Roy, and this was manifested by the fact that the check was made to them jointly. The bank in possession of these facts and at the request of the two, placed the money to the credit of Mrs. Pierson alone, with the agreement and understanding that the fund was subject to check by Roy Pierson. In receiving and accepting the deposit it was agreed between all the parties, including the bank, that the same should be paid out upon checks signed Mollie Pierson by Roy Pierson, or upon checks signed Mollie Pierson. This was a special agreement or contract between the depositors on the one side and the bank upon the other, which is inseparable from the deposit contract. The deposit was accepted and received by the bank and was offered by Mrs. Pierson and her son with the specific understanding and agreement that it should be paid out in the manner aforesaid, and the bank having complied with its part of the agreement and parted with its money, can not now be compelled to again pay the amount at the suit of Mrs. Pierson.

No error appearing to the prejudice of the appellant, the judgment is affirmed.