No. 39,636

In the Matter of the Estate of Otis Lasswell, Deceased. (MARY D. LASSWELL, et al., Executors, et al., *Appellees,* v. LEON LASSWELL, *Appellant.*)

(283 P. 2d 247)

Opinion filed May 7, 1955.

· *J. A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney, David Prager, William W. Dimmitt, Jr.,* and *Sam Crow,* all of Topeka, were with him on the briefs for the appellant.

*Floyd A. Sloan,* of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan* and *James W. Sloan,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Otis Lasswell, Sr., died testate on April 27, 1952, leaving a widow and five children. His will, dated January 4, 1952, was duly admitted to probate in Jackson County, Kansas. Under its terms, in addition to making provisions for his widow, four of his children and other relatives, he devised ½ of ¾ of the residue of his estate to his son Leon, without any reference whatsoever to payments of money he had made to such devisee during his lifetime.

Following admission of the decedent's will to probate his executors listed in the inventory of his estate, as a part of its assets, a promissory note for $5,000.00, dated October 26, 1945, which is conceded to have been executed and delivered to him by Leon in the spring of 1946. On September 30, 1953, the probate court of Jackson County entered an order for partial distribution in the

Otis Lasswell estate, which order contained a finding that the distributive amount due Leon should be credited by the executors on his indebtedness to the estate and ordered that this distribution in the sum of $3,000, less inheritance tax, should be so applied. Leon was dissatisfied with this phase of the order and in due time took an appeal therefrom to the district court of Jackson County.

When the cause reached the district court of Jackson County that tribunal directed the parties to file further pleadings and, pursuant to this directive, issues were joined between the representatives of the estate and Leon respecting their rights, and his obligation, with regard to the note in question. In a summary way it may be said that under the issues the representatives of the estate claim that such note was executed for an actual advancement and loan of $5,000.00 by Otis to Leon, on which the latter had paid $1,200.00 interest on October 26, 1951, and was an indebtedness due the estate; while Leon claims that the sum described in the note represents an advancement, made to him by his father to be paid out of his share of the father's estate, which had been merged into or cancelled by the subsequent will executed by the father and, in any event, that such note has been voided and is of no force and effect by reason of the fact it was executed without consideration and was materially altered after its execution.

With issues joined as just related the cause was tried by the district court which, after hearing all the evidence, found in substance that the note was executed by Leon for a valuable consideration, the consideration being an actual loan evidenced by a check in the amount of $5,000.00, bearing the same date; that under the evidence such note was intended and actually represented a debt Leon owed to his father and could not be construed to be in the nature of an advancement; that all alterations appearing on the instrument after its delivery to Leon for execution were made by him as the maker thereof, and also accepted by the deceased when the note was returned to him. It then rendered judgment holding that such note represented a valid indebtedness on the part of Leon to the Otis Lasswell estate in the amount of $5,000.00 with interest thereon at the rate of 5% per annum from October 26, 1953, until paid and that the executors of the estate should apply and credit the distributive amount due Leon under the order of partial distribution on such indebtedness.

Following rendition of the foregoing judgment Leon filed a mo-

tion for a new trial which was subsequently overruled. Thereupon he appealed from the order overruling that motion and the judgment and now brings the cause to this court under specifications of error raising the two questions which, in his brief and on oral argument, he states are involved on appellate review.

Turning to the first question raised by appellant it is argued that since Otis made a will after it was incurred the $5,000.00 obligation of Leon is discharged if, as he contends, it must be regarded as a transaction in the nature of an advancement.

In support of his position on this point appellant directs our attention to *In re Estate of Bush*, 155 Kan. 556, 127 P. 2d 455, where it is held:

"Advances made by a father to his children, to be paid out of their share of his estate upon his death, are merged into or canceled by a subsequent will executed by the father, unless a contrary intention appears from the will itself." (Syl. ¶ 4.)

We have no quarrel with the rule announced in the foregoing decision. However, it must be remembered, such rule is limited to advancements made by a parent to a child with the understanding that it is to be paid out of his share of the estate upon his death and has no application to actual loans of money made by the parent to such a person with the understanding it is to be repaid as an actual indebtedness. Our books are full of cases holding that in the latter situation the indebtedness of the child is as much to be regarded an asset of a decedent's estate as a debt owed the estate by a stranger (See, e. g., *Holden v. Spier*, 65 Kan. 412, 70 Pac. 348; *Guarantee Title & Trust Co. v. Siedhoff*, 144 Kan. 13, 58 P. 2d 66).

Here, as we have previously pointed out, issues were joined on the factual question whether the sum of $5,000.00, evidenced by the note in question, was advanced to appellant with the understanding it was to be paid out of his share of the estate upon his father's death or was advanced as an actual loan to be repaid as a valid and subsisting debt. The court heard the evidence on such question and, after doing so, determined it adversely to appellant's position. In that situation the universal rule of this jurisdiction is that such finding, even though based on conflicting evidence, cannot be disturbed on appellate review. (*Allen v. Bowling*, 173 Kan. 485, 249 P. 2d 679. For numerous other decisions of like import see West's Kansas Digest, Appeal & Error,

§§ 1002, 1005; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 495, 496, 499.)

It would add nothing to the body of our reports and serve no useful purpose to here detail the evidence presented to the trial court respecting the point now under consideration. It suffices to say, that even though conflicting, we find ample substantial evidence to warrant the trial court's holding that under all the testimony the note in question actually represented a debt appellant owed his father on the date of the latter's death and was therefore collectible as one of the assets of his estate. It follows appellant's first contention the loan evidenced by such note constituted an advancement, which was discharged by the subsequent execution of his father's will cannot be upheld.

The second question presented for consideration by appellant is whether the note in controversy was avoided by material alterations or lack of consideration. From what has just been stated it becomes apparent the loan of $5,000.00 constituted ample consideration for the challenged instrument. Whether the note was materially altered is a factual question. The trial court resolved it by finding that all alterations appearing on such instrument, after its delivery to appellant for execution, were made by him as the maker thereof. Under these circumstances, as has been heretofore pointed out, our review is limited to whether such finding is supported by evidence. Here again, we see no necessity for laboring the record and are content to say, that when carefully reviewed, we are convinced it discloses enough to sustain the trial court's conclusions.

We find nothing in the contentions advanced respecting either of the two questions involved on appellate review which would warrant this court in disturbing the trial court's decision and judgment. Therefore it must be and is hereby affirmed.