No. 39,985

Emma Mathey, nee Olson, *Appellant*, v. Central National Bank of Junction City, Kansas, a Banking Corporation, *Appellee*.

(293 P. 2d 1012)

filed February 29, 1956.

*W. K. Thompson*, of Topeka, argued the cause, and *Walter T. Chaney*, of Topeka, was with him on the briefs for the appellant.

*U. S. Weary*, of Junction City, argued the cause, and *Robert K. Weary*, of Junction City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action instituted by appellant Emma Mathey to recover money from appellee, Central National Bank, representing deposits made to her personal savings account and disbursed by the bank without written authority. Appellant will be hereinafter referred to as plaintiff, and appellee as the bank. The case was tried by the court and, from a judgment entered in favor of the bank, plaintiff appeals. The pertinent facts may be stated briefly. Plaintiff testified she opened a personal savings account with the bank in May, 1944. Her husband was assistant cashier of the bank. Prior to this date, plaintiff had loaned her brother-in-law, James H. Marston, some money to buy a house. He repaid the loan by depositing money from time to time in her savings account. He had possession of the savings passbook. Plaintiff had agreed to make another loan to her brother-in-law Marston for the purpose of purchasing a house from the state highway commission. On November 7, 1946, plaintiff's savings passbook showed a balance of $1,600, and on that date Marston drew a check on defendant bank, payable to the state highway commission for the sum of $1,000. He had no funds in the bank with which to pay the check and it was charged against plaintiff's savings account. On November 30, Marston drew another check for $350 for moving the house, which was also charged to plaintiff's account. On December 27, plaintiff drew her personal check in the sum of $50, and on January 22, 1947, a savings withdrawal slip in the sum of $200, signed "Emma Mathey by (husband) C. H. Mathey," was charged to her account and the amount deposited to the account of Marston. The $200 withdrawal closed the savings account, except an item of $17.81 interest which was withdrawn upon the signature of plaintiff. She testified that at no time did she authorize the bank or any of its officers to charge her savings account with checks written by her brother-in-law or her husband

and, with the exception of the $50 and $17.81 items drawn by her, the funds were taken from her account without either her written or oral authority.

Charles Mathey, former husband of the plaintiff, testified that the plaintiff had instructed him as her then husband, and assistant cashier of the bank, that when the checks written by her brother-in-law, James Marston, were presented to the bank, he should charge them against her savings account; that he had been instructed by the plaintiff to draw the $200 check against her savings account and deposit it to Marston's account and, in substance, he acted in accordance with her instructions as each check was drawn or presented.

Mr. McDonald testified that he was cashier of the bank, and plaintiff had told him Marston had made a payment on a house, and when the check came in it was to be charged to her savings account.

The trial court after listening to the conflicting testimony presented by the respective parties, made the following finding and order:

"As will be seen from the above statement there is a sharp conflict between the claims of the plaintiff and defendant, and the testimony presented by both sides cannot be reconciled. It therefore becomes the duty of the court to weigh the testimony; to reject that which he believes least worthy of credit.

"It is the opinion of the court that the plaintiff has already received the full amount of her deposits, either to her personally or disposed of in accordance with her orders. It follows that judgment will be for the defendant, and that the plaintiff pay the costs of this action."

The rule is well settled in this state that the findings of fact made by the trial court upon conflicting testimony will not be disturbed by this court when there is competent evidence to sustain the findings made. (*In re Estate of Ward*, 178 Kan. 366, 285 P. 2d 1081; *In re Estate of Whitmore*, 178 Kan. 491, 290 P. 2d 105; *In re Estate of Lasswell*, 178 Kan. 48, 283 P. 2d 247; West's Kansas Digest, Appeal and Error, §§ 1002 and 1005; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 496.) The trial court having found that plaintiff orally authorized the checks in question to be charged to her savings account, we have only the legal question to consider: May one, when making a deposit in a bank, orally direct the bank to pay out the funds on checks signed by another, and thus relieve the bank of responsibility when payment is so made?

The general rule applicable to the question involved in this case is well stated in 7 Am. Jur., 359, § 504:

"Generally, by virtue of the implied contract arising from the usage of the banking business, a bank is entitled to demand some written evidence of an order of a depositor to pay out or transfer his deposit, and is not bound to act on an oral order. The usual method of withdrawing funds from a commercial bank or a commercial department of a bank is by check, and the usual method of withdrawing funds from a savings bank or department is by means of a written order or voucher presented with the depositor's passbook. A bank may, however, if it so desires, waive its right to a written order and pay out a fund on deposit or transfer the deposit to the name of another on the oral order of the depositor."

A verbal direction from the depositor to the bank to honor checks signed by another, or to pay a sum or transfer a credit, will fully justify the bank in so doing, and compliance with such direction relieves the bank from further liability to the depositor. If the bank itself is willing to act upon the verbal order, this would be a perfect defense to a suit by the depositor for the amount paid out under it. (1 Morse on Banks and Banking [5th Ed.], 586, § 313; 9 C. J. S. 674, § 331; *Pierson v. Union Bank & Trust Co.*, 181 Ky. 749, 205 S. W. 906, 2 A. L. R. 172; *Whitsett v. Bank*, 138 Mo. App. 81, 119 S. W. 999; *Newmark G. Co. v. Merchants Nat. Bk.*, 166 Cal. 203, 135 Pac. 958.) Moreover, the bank rules printed in the depositor's passbook need not be complied with if the bank elects to waive requirements thereof, since such rules are for the convenience and protection of the bank and may be waived. (*Blose Estate*, 374 Pa. 100, 97 A. 2d 358; *Gaunt v. Alabama Bound Oil & Gas Co.*, 281 Fed. 653 (8th Cir.), 23 A. L. R. 1279.) Inasmuch as plaintiff gave the defendant bank authority to honor the checks drawn by her brother-in-law James Marston, and her husband Charles Mathey, and to have the same charged against her savings account, and the bank having complied with her request, she is estopped from recovering from the bank which obeyed her verbal order.

The judgment is affirmed.

HARVEY, C. J., not participating.