No. 41,803

LOREN J. HAINS, *Appellee*, v. NONA RUTH HAINS, *Appellant*.

(357 P. 2d 317)

Opinion filed December 10, 1960.

*Walter F. McGinnis*, of El Dorado, argued the cause, and *Allyn M. Mc-Ginnis* and *Roy S. Fischbeck*, both of El Dorado, were with him on the briefs for the appellant.

*Don Matlack*, of Wichita, argued the cause, and *John R. Blair*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgment of August 10, 1959, modifying and reducing from $2,300.00 to $175.00 a former lump sum judgment for unpaid child support dated June 8, 1959.

On March 5, 1953, appellee, plaintiff, obtained a divorce from appellant, defendant, and the trial court made the following order

respecting custody and support of the three minor children of the parties:

". . . plaintiff be, and he is hereby, awarded the care, custody and control of the minor children of the parties hereto, to-wit: Larry Joseph Hains, Shirley Dianne Hains and Marsha Louise Hains during three months of each year, said months to be June, July and August.

". . . defendant be, and she is hereby awarded the care, custody and control of the minor children of the parties hereto during nine months of each and every year. . . .

". . . plaintiff be, and he is hereby, ordered to pay to the Clerk of the District Court $25.00 per week as child support for said minor children during the term of custody of said children by defendant, only, and it is the further order of the court that plaintiff shall not be liable nor responsible for any child support payments during the term that he has custody of said children."

On May 26, 1959, defendant filed a motion asking for full and complete custody of the children and that unpaid child support in the sum of $2,300.00 be converted into a judgment in order that execution could issue thereon. The motion was presented by defendant to the judge of division No. 2 of the district court of Sedgwick county with plaintiff entirely in default of appearance even though he had been personally served. On June 8, 1959, the court entered judgment of $2,300.00 for defendant against plaintiff.

On July 29, 1959, plaintiff filed a motion seeking to have the judgment of June 8, 1959, set aside and on August 10, 1959, in the same term of court, the judge of division No. 1 of the district court of Sedgwick county, to whom this motion was presented, modified the judgment of June 8, 1959, by reducing it to $175.00.

The judgment of division No. 2 apparently was computed on the basis that plaintiff should pay fifty-two weeks a year while the judgment of division No. 1 was computed on the basis of payments for nine months, or approximately thirty-nine weeks a year.

Defendant appeals and although she points out five specifications of error, the basic cardinal question appears to be, "Which, if either, of the judgments is correct?" Defendant contends the order of the judge of division No. 2 is correct, and plaintiff contends the order of the judge of division No. 1 is correct.

Defendant and plaintiff have not cited any previous opinions of this court in which this precise question was presented and our limited research has produced none.

The record shows that plaintiff has never taken the three months' custody of the children in the summer, as provided for in the original divorce decree, and that the children have been with de-

fendant constantly since that decree. However, neither party saw fit to seek a modification of the original order until the present motions were filed.

The first year (1953) plaintiff made payments totaling $1,300.00 for fifty-two weeks which included the three summer months. In 1954 payments totaling $1,050.00 for forty-two weeks were made and from then on plaintiff became further and further in arrears.

The rule that each child support payment which becomes due and remains unpaid constitutes a final judgment was stated in *Ortiz v. Ortiz*, 180 Kan. 334, 304 P. 2d 490, where it was also stated that a district court is without power to change or modify orders for past due installments for the support and education of minor children. To compute the payments here concerned on a fifty-two week basis would change the original child custody and support order in retrospect and we, therefore, cannot agree with defendant's contention that the judge of division No. 2 was correct in his computation.

As before stated, and as plaintiff testified, he made some payments during the summer months. In 1953 under the original order of the court plaintiff had no obligation to pay in the summer months and even though he voluntarily did so pay, he could not, when he later became in arrears, charge those amounts against amounts due and payable under the original order for the nine months of the year when he was obligated to pay. Such application of the voluntary payments he made during June, July, and August, 1953, could not have been made under the original court order and, as earlier stated, no previous modification of the original order has been sought. The voluntary payments plaintiff made during summer months in years subsequent to 1953, with no showing in this record that they were to be applied on any of the default payments which he was obligated to make during the nine months' period, cannot be claimed by him as offsets against such default payments. Therefore, the amount that plaintiff owes has not been properly computed and the case must be remanded for further proceedings to determine how the summer payments were made and whether they were to satisfy some of the past due nine months' payments. The trial court should then recompute the amount of the judgment in accordance with the views set out herein.

Other arguments of counsel are noted but they appear not to be applicable to our present question.

Reversed and remanded.