No. 44,801

WILBER S. GRIFFIN, Guardian of the person and estate of ANN WHAN, an incompetent person, *Appellant,* v. MARY PRICE, *Appellee.*

(433 P. 2d 464)

Opinion filed November 13, 1967.

*Lee R. Stanford,* of Concordia, argued the cause, and *Frank G. Spurney* and *Frank G. Spurney, Jr.,* both of Belleville, were with him on the briefs for the appellant.

*Clarence Paulsen,* of Concordia, argued the cause, and *Frank C. Baldwin, William B. Buechel* and *Thomas J. Pitner,* all of Concordia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This controversy commenced as an action to set aside a deed because of the mental incapacity of the grantor. It ended in a judgment cancelling the deed, and relief on the basis of quantum meruit for the grantee. The grantor's guardian has appealed. No appeal was taken from the judgment cancelling the deed.

The facts, most of which are the subject of conflicting evidence, will be briefly stated.

Ann Whan and Mary Price were widows, each living alone in farm homes in Cloud County, a mile and one quarter apart. Mary was working in a cafe in the early part of 1957, at which time Ann asked her to quit work, help take care of Ann and be a companion to her as they were both lonely. Neither had children. No definite arrangement was made for Mary's compensation. Ann asked her to let it go for a while and they would make some kind of arrangement. Mary quit her cafe employment and gave her

attention to Ann. At this time Ann was seventy-nine or eighty years of age and Mary was considerably younger.

As time went on Ann developed senile dementia and rather close attention became necessary. Mary gave Ann such attention. There was no one else to do so. Mary kept a careful diary of her activities which was placed in evidence.

On April 9, 1964, Ann deeded one of her three quarter sections of land to Mary stating the consideration to be Ann's love and affection for Mary and Mary's kindness to Ann over a period of years. Ann's relatives now became active. A guardian was appointed on May 25, 1964, and an action was brought to set aside the deed because of Ann's mental incapacity.

Mary answered contending that the deed was executed by Ann during a lucid interval but that if the deed be set aside she should be granted, as an alternative and by way of counterclaim, judgment in the amount of $16,800.

The trial court heard the evidence and rendered judgment cancelling the deed because of the grantor's mental incapacity. It also gave judgment to defendant, Mary, on the basis of quantum meruit in the sum of $8,175 less $100 which defendant admittted had been paid.

The plaintiff has appealed from the quantum meruit judgment contending that the trial court erred in its findings and conclusions as a matter of equity under the facts disclosed by the evidence. The trial court found:

"Sometime in the first part of 1957, defendant resigned her then position and agreed to render services for Ann Whan. Ann Whan agreed to pay her for such services, although no specific amount was agreed.

"It is established June 7, 1957, defendant began to render services, care and attention to Ann Whan. These services continued, sometimes at accelerated tempo, until and including May 5, 1964. Such services consisted of general care of an elderly farm lady without other friends willing to assume this responsibility, or relatives, except a few isolated instances, close enough to care for her needs and wants. Defendant during this period, conducted her own farming operations but was on constant call by Ann Whan. Many times such services were rendered at unusual times during the day or night and in very inclement weather. At times, when driving conditions were impossible, defendant would walk the approximate one and one-half miles between her home and that of Ann Whan.

"It is noted the quality of care and services rendered were not questioned. There is no evidence of inconsideration on the part of defendant or that she failed to respond to any request made by Ann Whan. In fact, such services, as above mentioned, included, at least in the last few years, total management of

business affairs for Ann Whan. Regardless of the purpose for which defendant rendered these services, the fact remains Ann Whan did receive benefits; benefits that were not furnished by anyone else, with minor exceptions.

"One of the services rendered by defendant was driving for Ann Whan. In most instances travel expenses were paid from Ann Whan's account. Some gifts were made to defendant by Ann Whan, such as hay and posts. Otherwise, there was no evidence defendant received payment for her services. An attempt was made by innuendo and insinuation to prove defendant appropriated money. More than innuendo and insinuation is necessary to establish what would amount to fraud. No evidence was produced sufficient for a finding of appropriation, fraudulently or otherwise."

An examination of the record discloses ample evidence to support the trial court's findings and conclusions.

The appellant, with admirable candor, admits there exists only a fact question and that the evidence is conflicting. He contends, however, that this being an equity case this court should weigh the evidence on appeal.

We cannot agree. An appellate court will not weigh conflicting evidence on appeal. (*In re Estate of Schneider*, 194 Kan. 223, 229, 398 P. 2d 281; *Mathey v. Central National Bank of Junction City*, 179 Kan. 291, 293 P. 2d 1012.) It is not concerned with the credibility of witnesses or the weight of their testimony. (*Finnell v. Patrons Co-operative Bank*, 193 Kan. 354, 394 P. 2d 116; *Kramer v. Farmers Elevator Co.*, 193 Kan. 438, 393 P. 2d 998, and cases therein cited.) The determination of the weight and credence of oral evidence is exclusively a function of the trier of facts. (*Gaynes v. Wallingford*, 185 Kan. 655, 661, 347 P. 2d 458.) An appellate court is concerned only with evidence which supports a trial court's finding of fact and not with that tending to establish a different conclusion. (*In re Estate of Osborn*, 179 Kan. 365, 295 P. 2d 615.)

There being ample competent evidence to support the findings of the trial court, the judgment is affirmed.

APPROVED BY THE COURT.