No. 44,970

Austin Osborn, a Minor, by His Father and Next Friend, J. J. Osborn, *Appellant,* v. Thomas L. Lesser, *Appellee.*

(439 P. 2d 395)

Opinion filed April 6, 1968.

*Robert A. Schermerhorn,* of Junction City, argued the cause and was on the brief for the appellant.

*James P. Mize,* of Salina, argued the cause, and *U. S. Weary,* of Junction City, was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: Plaintiff, operator of a motorcycle which collided with an automobile driven by defendant, appeals from an adverse judgment based on a jury verdict in a suit for personal injuries.

The locale of the collision was the junction of West Eighth street and Whitney Road near the west edge of Junction City, Kansas. The two streets join at what may be described as a "Y" shaped intersection. West Eighth street runs generally east and west; it forms the trunk and left fork of the "Y," with a very slight curve between its two segments. Whitney Road forms the right fork of the "Y," running generally along a curve in a northwesterly-south-

easterly direction. Kansas highway No. 18 is on Whitney Road up to its juncture with West Eighth Street and from this point westward the highway is on West Eighth street.

This state highway is a marked four-lane highway approximately fifty-three feet wide and is on the grade of a rather steep hill. The two traffic lanes going in the same direction are divided from each other by broken white lines. In the center of the highway there is a solid white line with yellow lines (indicating no passing) on each side of the white line. These center lines are absent at the junction of West Eighth and Whitney Road. West Eighth street, east of its intersection with Whitney Road, is twenty-seven feet wide.

The collision occurred about 7:50 a. m. on April 19, 1963. Defendant, a minor, with four passengers in his automobile, was driving east on West Eighth street toward the junction in question. As he approached the intersection he moved to the left lane nearest the center and crossed the westbound traffic lane of highway 18, continuing eastward on West Eighth. Plaintiff, sixteen years of age, was riding his motorcycle in a northwesterly direction on Whitney Road (also Kansas highway 18). He was accompanied by two friends, each riding motorcycles. Plaintiff and defendant collided.

Jury trial resulted in a general verdict for the defendant. Plaintiff's motion for new trial was overruled and he appeals.

Appellant's first contention is that the court erroneously sustained appellee's objection to certain testimony. Upon direct examination appellant first testified as to his position on Whitney Road, using a sketch of the scene to illustrate. He indicated his position and that of the appellee at the time he first saw appellee's automobile commencing to enter the intersection. The following then occurred:

"Q. All right. Now, when you saw the defendant's vehicle at that point, what did you observe that car to be doing?

.    .    .    .    .    .    .    .    .    .    .

"A. As I was just passing this point, somewhere in this approximate area (indicating throughout), somewhere in there, the vehicle started to—I saw the—it start to approach the line, and it was angling across the line, and I didn't see a signal, but I expected it to turn because, as I said, he was coming—angling this way, and thinking that he was going to approach on up toward the intersection and make a proper turn, which would be like that (illustrating), I moved into the right-hand lane and started bearing into the right-hand lane to give him room to go behind me as he made his turn.

"MR. MIZE: Your Honor, I object to the witness's response and move that it be stricken and the jury admonished that was objectionable, 'thinking it was

going to make a proper turn'—that's a conclusion of the witness. I move that it be stricken and the jury admonished to disregard it.

. . . . . . . . . . . . .

"MR. SCHERMERHORN: —this is not the opinion; this is stating the state of mind of this witness as he saw a particular movement on the part of the defendant, and why he did what he did. Now this is not—not necessarily that this is what happened, but this is what he assumed was going to happen and why he took the action that he did.

"MR. MIZE: It's still a conclusion of the witness.

"THE COURT: No, I would sustain the objection. Ladies and gentlemen, you are admonished not to consider in your deliberation in the jury room the conclusion of this witness that he thought the defendant was going to make a proper left-hand turn I believe was the expression. Go ahead, Mr. Schermerhorn."

Appellant complains of the ruling. He argues the excluded testimony pertained to his state of mind existing at the time of his conduct in operating the motorcycle and that he was entitled to show the reasons for his action. Viewed in this light we can have no quarrel with appellant's contention his condition of mind as it related to both his observation and conduct was relevant and admissible. However, we think he misapprehends the thrust of the objection and the ruling thereon. The objection went, not to an expression of state of mind as to facts perceived, but rather to the reference by appellant to a *proper* turn. Appellant was using a sketch of the scene which had been received in evidence to illustrate his testimony. He indicated, with the use of a pointer on the sketch, his version of a proper or lawful turn at the intersection. The record on appeal does not show this indication which appellant made. Appellee says it was wrong as a matter of law. The trial court observed the demonstration in question. It is elemental that one seeking reversal of the judgment because of exclusion of evidence has the burden of demonstrating error, as well as prejudice, in the ruling complained of.

The "Y" shaped curved intersection varied from the ordinary right-angle intersection. Appellant was expressing his opinion as to the law applicable thereto. We do not have that opinion before us as did the trial court. In any event, under K. S. A. 60-456 (*a*), a trial court is vested with a wide discretion in receiving opinion evidence. The court here declined to receive that aspect of appellant's testimony. Later the court gave instructions, which were not challenged, on the law applicable to turning at that particular intersection. Appellant was not foreclosed in any way from testi-

fying as to facts which could have been adequately described to the jury without resort to expression of legal opinion. On the record before us we cannot say the trial court erred.

Appellant's final contention is the verdict of the jury was contrary to the evidence which established the negligence of the defendant and did not establish contributory negligence on the part of the plaintiff. He states appellee's negligence is established by a preponderance of the evidence with no substantial evidence to the contrary, and that the evidence does not establish contributory negligence.

At trial appellant did not test the character of the evidence as a matter of law by moving for a directed verdict in his favor. The case was submitted to a jury, under instructions which were not objected to, on the usual issues in a vehicular collision of negligence, contributory negligence and proximate cause. The instructions included pertinent rules of the road as to lookout, speed, signaling, yielding right of way and turning. We need not detail all the evidence but it was conflicting in several respects.

Appellee testified he turned his left-turn signal light on prior to crossing the intersection; appellant testified he saw no such signal. Appellee indicated he was slightly more than fifty feet from the point of impact when he first saw appellant who was then 200 feet southeast of appellee and more than 150 feet from the point of collision. The locale was in a thirty mile speed zone. On behalf of appellee there was testimony all three of the motorcycles "were coming very fast" and that appellant's motorcycle was traveling between forty and forty-five miles per hour; that as appellee approached for his crossing he was traveling between twenty-six or twenty-seven and thirty miles per hour, and as he crossed the center line of the highway, at the end of the yellow line, his speed was between thirteen or fourteen miles per hour; he applied his brakes, left skidmarks for fifty-eight feet, and was almost at a dead stop at the time of the collision.

There was widely varying testimony as to the spatial intervals between the three motorcycles as they approached the intersection. Appellant's testimony placed them far apart (as much as 350 feet); that of appellee put them extremely close together (as near as four to ten feet) and described them as "kind of a flock, kind of a bunch." Appellant contended the collision occurred on highway 18 within the confines of the intersection; appellee's evidence placed

it on West Eighth street east of the intersection. This became significant on the ability and effort of each to avoid the collision.

Ten witnesses testified on the issue of liability, numerous exhibits were received and the jury visited the scene of the collision. We have omitted some evidence more favorable to appellant's position than that given as we are not concerned with weighing conflicting evidence. It is only when different minds can reasonably arrive at but one result that fact issues become questions of law justifying a court in substituting its judgment for that of a jury (*Johnson, Administratrix v. Ecord,* 196 Kan. 521, 412 P. 2d 990).

The evidence here is not of that character. That which has been set forth sufficiently indicates why submission to the jury of the issues of negligence, contributory negligence and proximate cause was proper. The jury's finding thereon must prevail.

The judgment is affirmed.

APPROVED BY THE COURT.