No. 46,668

VERGIE M. ACOSTA, *Appellant,* v. CIRILO ACOSTA and
MYRTLE U. ACOSTA, *Appellees.*

(504 P. 2d 230)

Opinion filed December 9, 1972.

*Robert C. Helsel,* of Wichita, was on the brief for the appellant.
*Hal B. Malone,* of Wichita, was on the brief for the appellees.

*Per Curiam:* This is an appeal in an action brought by Vergie
Acosta, former wife of Cirilo Acosta, to recover delinquent permanent alimony payments in the sum of $3,125, to set aside a
deed given by Cirilo to his present wife, Myrtle U. Acosta, on
the ground it was fraudulent as to Vergie, and to have the judgment decreed a lien on the real estate conveyed to Myrtle.

The marriage of Vergie and Cirilo was terminated by a divorce
on August 9, 1968. The real estate involved in this case was set
over to Cirilo free and clear of any claim or encumbrance by
Vergie, and Cirilo was ordered to pay Vergie the sum of $40
permanent alimony weekly. The alimony was later reduced to $30
weekly.

It was stipulated that weekly permanent alimony payments in
the sum of $765 were due and unpaid on the date of the deed to
Myrtle, and that $3,125 was delinquent on the date of the judgment.

The trial court found that fraud had not been established and
sustained Myrtle's motion to dismiss the action as to her at the
conclusion of plaintiff's case. It also entered a judgment in favor
of Vergie for $3,125 with 8% interest and costs. No part of the
judgment was decreed a lien on the real estate conveyed to Myrtle.

Vergie contends that the trial court erred in finding that the
deed from Cirilo to Myrtle was not fraudulent, and in sustaining
Myrtle's motion to dismiss the action as to her.

This court holds that the trial court was not in error in finding
fraud had not been established. That was a question of fact and
there was competent substantial evidence to support the trial
court's finding; it cannot be disturbed by this court. *Osborn v.
Lesser,* 201 Kan. 45, 439 P. 2d 395; *Griffin v. Price,* 199 Kan. 649,

433 P. 2d 464; *Atkinson v. Herington Cattle Co., Inc.,* 200 Kan. 298, 436 P. 2d 816.

The trial court was also correct in dismissing the action as against Myrtle.

The weekly permanent alimony payments, in the sum of $765, which were due and unpaid on the date of the conveyance from Cirilo to Myrtle, were final judgments and a lien on the land at the time it was conveyed to Myrtle. Myrtle took subject to a $765 judgment lien. *Brieger v. Brieger,* 197 Kan. 756, 421 P. 2d 1; *Ediger v. Ediger,* 206 Kan. 447, 479 P. 2d 823.

However, it was unnecessary to decree such a lien since it already existed and Vergie had a remedy by way of execution in the original divorce action. *Brieger v. Brieger,* supra; and *Ediger v. Ediger,* supra.

By the same token it was unnecessary to render a lump sum judgment in this action since Vergie already had a judgment for the same amount based on the same obligation. *Fangrow v. Fangrow,* 185 Kan. 227, 341 P. 2d 998. That issue is not before us, however, because Cirilo filed no cross appeal from the judgment against him.

The judgment is affirmed.