No. 46,719

Mary Shereece Spry, a Minor, by and through Her Mother and Next Friend, Mary A. Spry, *Appellant*, v. David Steinhauser, a Minor, *Appellee.*

(504 P. 2d 238)

Opinion filed December 9, 1972.

*Peter A. Martin*, of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, argued the cause and was on the brief for the appellant.

*Barton Brown*, of Wallace, Saunders, Austin, Allen, Brown and Enochs, of Overland Park, argued the cause, and *Richard T. Merker*, of Overland Park, was with him on the brief for the appellee.

*Per Curiam:* Plaintiff-appellant brings this appeal in a personal injury-negligence action wherein the jury returned a general verdict for defendant.

The facts are not in dispute.

The appellee, an eleven-year-old boy, was playing with a toy bow and arrow, the end of the arrow being capped with a rubbed tip. Appellee shot two arrows from the bow at a tree across the street from where he was standing in his parents' yard to see how far the arrow would travel. The first arrow went in the general direction he was aiming, but the second arrow curved considerably as it flew through the air and struck the appellant in the eye causing serious injury. Appellant was a three-year-old girl who lived across the street from appellee's home. After appellant was struck appellee observed that there was a slight crook in the arrow. Appellant was not in the area when the first arrow was shot. Appellee saw her in or near the corner of her parents' yard when he shot the second arrow. He was not aiming in her direction.

Appellant sets out three points relied upon in her appeal. The first is that the verdict is contrary to the evidence on the issue of the liability of the appellee. The jury resolved the negligence issue in favor of the appellee by its general verdict, which is supported by substantial competent evidence. On appellate review this court cannot, under the fact situation presented in the record, hold that appellee was negligent as a matter of law.

It is only when minds can reasonably arrive at but one result that

the fact issues become questions of law justifying a court in substituting its judgment for that of a jury. (*Osborn v. Lesser,* 201 Kan. 45, 439 P. 2d 395.)

Appellant's second point is a contention there should be a distinction between primary and secondary negligence in the degree of care required of a minor. Her third point is a contention that this court should reevaluate its position on the application of the doctrine of dangerous instrumentalities, and hold that a toy bow and arrow is a dangerous instrumentality. Appellant neither objected to the instructions given by the trial court nor made a request for instructions on either of the two points. Neither point was raised by a motion for a directed verdict. Since the questions raised on these points were not presented to or determined by the trial court, this court will not consider them on appellate review. (*Schneider v. Washington National Ins. Co.,* 200 Kan. 380, 437 P. 2d 798; *Norris v. Nitsch,* 183 Kan. 86, 325 P. 2d 326; *Osborn v. Lesser,* supra.

The judgment of the trial court is affirmed.