No. 46,813

DAVID W. CARSON, *Appellant,* v. CITY OF KANSAS CITY, KANSAS and STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellees.*

(506 P. 2d 1111)

Opinion filed March 3, 1973.

*John H. Fields,* of the firm of Carson, Mahoney & Fields, of Kansas City, was on the brief for the appellant.

*Edward H. Powers,* of Kansas City, was on the brief for the appellees.

*Per Curiam:* This is an appeal by the landowner (appellant) from an adverse judgment of the trial court in an action brought by landowner to enjoin the appellees from constructing any drainage facilities on a rectangular tract of his ground 30 feet by 130 feet on which appellees had previously acquired, by condemnation, a permanent easement for highway right-of-way and removal of borrow material, and for the setting aside and canceling of the easement. A temporary restraining order had been issued.

The appellant, as a basis for injunctive relief, alleged that the projected use of the easement for drainage facilities, including the construction thereon of a concrete flow-way, is a departure from the use of which the easement was condemned; is not for any public purpose; and is not for highway purposes, but is for the benefit of an adjacent landowner. He further alleged that his remaining land would be damaged, and that there would be no benefit to the public.

On the trial of the case on the merits the trial court found that the taking was for a public use; that appellees had authority for the taking; and that they had authority to perform the public works involved. The court further found that appellant had no remedy of injunctive relief. The restraining order was dissolved and the action dismissed.

The appellant sets out four points on appeal:

"1. The trial court erred in holding that the plaintiff could not enjoin the State Highway Department from using the area of the permanent easement condemned for a purpose not included in the taking.

"2. The trial court erred in concluding that the court was without authority

to enjoin a taking and the use of private property that is factually unnecessary or excessive for legitimate public purposes.

"3. The trial court erred in concluding that injunctive relief was available only in cases of fraud, arbitrary or capricious action.

"4. The relevant competent evidence of record is wholly insufficient, as a matter of law, to support the judgment of the court."

We find no merit in any of the four points raised.

Point 1. The taking of the permanent easement for highway right-of-way included the right to construct on the easement such drainage facilities as are reasonably necessary for the construction, preservation and maintenance of the road for which the easement was taken.

Point 2. The trial court resolved the fact situation referred to in this point against appellant by the finding that the projected use of the easement for construction of drainage facilities was for a public use. There was evidence that the projected use of the easement for drainage purposes was necessary to prevent a pond from forming on appellant's property and the adjoining property and the eventual erosion of the frontage road. It was a substitute for a drainage system which had existed prior to the road improvement.

Point 3. The appellees were vested with discretionary powers to determine what parcels or tracts of land were to be taken and the type of highway and drainage facilities to be constructed thereon. The exercise of this discretion is not subject to judicial review unless there is proof of fraud, bad faith or abuse of discretion. There was no such proof in this case. (*Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373.)

Point 4. There was substantial competent evidence to support the judgment of the trial court and it will not be disturbed. (*Osborn v. Lesser,* 201 Kan. 45, 439 P. 2d 395; and *Griffin v. Price,* 199 Kan. 649, 433 P. 2d 464.)

The judgment of the trial court is affirmed.